DUFRESNE, Judge.
This is an appeal by the legal successors of Wayne G. Sarratt, deceased plaintiff, from a judgment dismissing his suit in tort against F.L. Cappeart and his insurer, Home Indemnity Co., defendants, for failure of the above successors to timely substitute themselves as parties plaintiff in accordance with La.Code Civil Procedure Arts. 802-804. Because we find that the defendants failed to properly summon the successors as required by the above articles, we vacate the judgment appealed *785 from, and remand the case for further proceedings in accordance with this opinion.
The purely procedural facts pertinent to this appeal are these. Wayne Serratt filed suit against F.L. Cappeart and his insurer for burns which he allegedly suffered in an apartment fire.
Trial was set for March 29, 1982, but in January of that year, defendants were notified that Sarratt had died in September, 1981. He was survived by four, then minor, children from a previous marriage: namely Michael, Paul, Diana and Mark Sar-ratt, as well as by his second wife, Karin Sarratt. Upon learning of Sarratt’s death, defendants sought and were granted an indefinite continuance of the trial.
On May 21, 1982, defendants filed a motion and order to summon Sarratt’s legal successors to appear and substitute themselves for the deceased plaintiff within the time allowed by law. In this motion, they specifically averred that they had been informed by Sarratt’s widow, Karin Sarratt, that she did not wish to substitute herself in the ease. They further averred that they did not know the address of the children of the deceased, Michael, Paul, Diana and Mark Sarratt, and moved to publish the summons to these minors in accordance with La.C.C.P. Art. 803.
A summons was issued on May 26, 1982, directing the four named children, but not Karin Sarratt, to appear and substitute themselves for their father within 60 days of the first publication of the summons. The first publication of the summons was on June 3, 1982; the second was on September 16, 1982.
On September 28, 1982, defendants sought dismissal of the suit on the grounds that more than 60 days had elapsed since the first publication of the summons on June 3, 1982, and that no legal successors had appeared to substitute themselves. Judgment in defendant’s favor, dismissing the suit with prejudice, was rendered and signed on September 29, 1982.
On November 30th, the “legal successors” of Wayne Sarratt appeared through counsel by way of a timely Motion and Order for Appeal from the judgment of September 29th. On December 3rd, defendants filed a motion asserting basically that as these successors had not substituted themselves timely, they had no standing to appeal. The trial judge nonetheless signed the Order of Appeal on December 8th. However, he set a hearing for January 7, 1983, to take up the question of the successors’ standing to appeal. Before that hearing, other pleadings of no consequence here were filed by both parties, and the hearing resulted in a judgment annulling the December 8th order of appeal. A writ was taken to this court by the four children alleging that the judgment vacating the order of appeal was void in that the jurisdiction of the trial court was divested when the appeal order was signed on December 8,1982. This court ruled that jurisdiction was indeed divested, that the judgment annulling the order of appeal was thus a nullity, and that the applicants had standing to appeal. Finally, it was ordered that the original order of appeal of December 8th be reinstated (La.App. 5th Cir.1983).
The case is therefore now before us on appeal from the judgment of September 29, 1982, which dismissed the suit with prejudice.
Before turning to the merits of this appeal, an exception filed by defendants attacking the procedural capacity of the minor successors of Wayne Sarratt to litigate must be addressed. Defendants argue in this exception that because minors lack the capacity to sue in their own name, and as the record fails to disclose that the minors here are represented through a tutor, they are barred from bringing the appeal. We reject this argument. While we recognize that L.S.A., C.C.P. Art. 683 states that unemancipated minors do not have the procedural capacity to sue, we point out that this lack of capacity must be urged by the dilatory exception, L.S.A., C.C.P. Art. 926(6), or it is waived Nicosia v. Guillory, 322 So.2d 129 (La.1975).
*786 In the present case, the minors appeared apparently in their own name on November 30th, by way of a motion for appeal. Defendants responded on December 3rd by challenging the standing of these minors, but did not object then to their procedural capacity. The order of appeal, divesting the jurisdiction of the trial court, was signed December 8th. Under these particular circumstances, we hold that the failure of defendants to challenge the capacity of these children in their pleading filed before the signing of the order of appeal constitutes a waiver of that exception for purposes of this appeal. While we recognize that normally no appearance is made by an appellee before an order of appeal is signed, we rule here only that where such an appearance is made, matters properly raised by the dilatory exception must be urged then or they will be waived.
Turning to the merits of the case, there are three issues before us:
1.) Was the publication of the summons to the minor successors named therein done in accordance with C.C.P. Art. 803.
2.) Was Karin Sarratt ever summoned to appear?
3.) Is Karin Sarratt a party to this appeal?
As to the first issue, there is no dispute that the two publications in question were made over 100 days apart, and that the suit was dismissed almost two weeks after the second publication. The question before us is simply whether such publication was in accordance with C.C.P. Art. 803. We conclude that it was not.
That article provides that a summons to successors “shall be by two publications, not less than fifteen days apart,” and shall summon the successors to appear “within sixty days of the first publication.”
The successors argue here that since the September 16th publication summoned them to appear sixty days after the first publication of June 3rd, or August 3rd, a date long past, it could have had no valid effect. We agree. A legal notice which summons a person to perform an act by a date already past can have no legal effect, and to hold otherwise would lead to what this court considers an absurd result. Smith v. State Through Dept. of Public Safety, 366 So.2d 1318 (La.1978).
Defendants argue to the contrary that the statute only specifies that the publications shall be at least fifteen days apart, but sets no limit or when the second shall be made. They further contend that because the successors here were given almost four months to respond, that they thus had twice the time allowed by the statute to appear.
While it is true that the statute does not state specifically that the second publication must be within sixty days of the first, the fact that the successor is given sixty days from the first publication to appear leaves no doubt in this court’s mind that the second publication must be within sixty days of the first. To hold otherwise would lead to the absurd result which we have already mentioned.
While there is some admitted force to defendants second argument, we reject it also. The pertinent fact here is not that the successors may have received time to appear beyond the sixty days provided by statute. It is rather that upon the second publication, they were constructively informed of a right which on the face of the summons it was too late for them to legally enforce. It is our opinion here that a publication summoning a person to perform an act which the summons itself states, will be untimely and therefore futile, can have no legal effect.
The second question here is whether Karin Sarratt, the deceased plaintiffs widow, was properly summoned to appear as party plaintiff in accordance with Code Civil Procedure 802-4. It is clear from the record that she was not. The plain fact is that she was simply not named in the summons. Defendants contend that because she was sent a copy of the motion and order for the summons that she thus received sufficient notice of her right of substitution. We point out, however, that *787 Arts. 802 and 803 specifically provide that a summons shall be issued by the court naming the legal successor when her name is known, and summoning her to appear timely and substitute herself for the deceased party. As no such summons was issued to Karin Sarratt, the time limitations of Arts. 803 and 804 have never run against her.
We also point out that the mere averment in the ex parte motion and order to summon successors that counsel had been told by Karin Sarratt that she did not wish to enter the suit is hardly a basis on which to dispense with the specific requirements of Arts. 802-804 that she be served with a summons directing her to appear timely or forfeit her legal rights.
The third issue is whether Karin Sarratt has appealed from the judgment dismissing the suit. We hold that she has. The motion and order ' for appeal was brought in the name of “Wayne G. Sarratt and his legal successors.” Article 801(1) of the Code of Civil Procedure defines legal successors as “the survivors designated in Article 2315 of the Civil Code, if the action survives in their favor.” Article 2315 provides that the action of a deceased plaintiff “shall survive ... in favor of: (1) the surviving spouse and child or children of the deceased.” Karin Sarratt is therefore unquestionably a legal successor of Wayne Sarratt, and as such, is an appellant here.
For the foregoing reasons, we hereby set aside the judgment of September 29, 1982, which dismissed the suit with prejudice, and remand the matter for further proceedings wherein all legal successors of Wayne Sarratt be allowed, if they so choose, to substitute themselves as parties plaintiff in accordance with Code Civ.Pro. Arts. 801, et seq.
JUDGMENT VACATED.
REMANDED FOR FURTHER PROCEEDINGS.