637 So.2d 736 (1994)
Opal CARL
v.
Raymond NAQUIN d/b/a Hammond Nursing Home, Marcus Naquin, Mary Cook, Faye White and (Nurse) Smith.
No. CA 93 1725.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*737 J. Keith Friley, Baton Rouge, for plaintiff-appellant, Opal Carl.
Thomas C. Cowan, Richard J. Garvey, Jr., New Orleans, for defendant-appellee, Raymond Naquin.
Before LOTTINGER, C.J., and EDWARDS and WATKINS, JJ.
EDWARDS, Judge.
This is an appeal from a judgment which declared that Kenneth C. Carl is the only proper party plaintiff in this action and dismissed the Succession of Opal Carl and its administrator as plaintiff. We agree with the trial court that the applicable statutes, LSA-C.C. art. 2315.1 and LSA-C.C.P. art. 801, and the applicable jurisprudence, Nathan v. Touro Infirmary, 512 So.2d 352 (La. 1987) are clear and unambiguous; therefore, we are constrained to affirm.

Background Facts
On June 11, 1990, Ms. Opal Carl filed a petition for damages as a result of alleged abusive treatment from various staff members at the Hammond Nursing Home during her residency there. In response to an exception raising the objection of lack of procedural capacity on the part of Ms. Carl, an ex parte motion (to which the defendants consented) was filed which added Ms. Carl's agent, Mr. Lawrence H. Davis, as a party plaintiff.
On March 23, 1991, Ms. Carl died testate during the pendency of this action. On July 22, 1991, counsel for Ms. Carl filed a first amending petition which substituted the Succession of Opal Carl, represented by the appointed administrator, Lee R. Spence, as party plaintiff.
Thereafter, during discovery, the defendants became aware that Ms. Carl had one surviving brother, Kenneth Carl, a resident of Kansas. The defendants requested that Kenneth Carl be substituted as party plaintiff. In response, counsel for the plaintiff filed a second amending petition, this time adding as party plaintiff, Mr. Kenneth Carl.
Defendants filed an exception raising the objection of no right of action, asserting that Kenneth Carl as surviving brother is the only proper party plaintiff as a matter of law, and requesting that the succession be dismissed from the suit. The trial court granted this motion, dismissed the succession and declared Kenneth Carl the proper party plaintiff. The Succession of Opal Carl appeals.[1]

Applicable Law
As stated by the trial court, the statutes applicable to the resolution of this issue are clear and unambiguous and clearly designate the categories of legal successors who are proper party plaintiffs. LSA-C.C.P. art. 801 states:
When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party....
As used in Articles 801 through 804, "legal successor" means:

(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and

(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is *738 under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.
(emphasis added). LSA-C.C. art. 2315.1 designates the hierarchy of survivors who inherit a cause of action for damages as a result of an offense or quasi-offense as follows:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving.
LSA-C.C. art. 2315.1 further provides:
B. In addition, the right to recover all damages for injury to the decedent, his property or otherwise, caused by the offense or quasi offense, may be urged by the decedent's succession representative in the absence of any class of beneficiary set out in the preceding Paragraph.

(emphasis added). Paragraph B is a codification of our supreme court's ruling in Nathan v. Touro Infirmary, 512 So.2d 352 (La. 1987), wherein it affirmatively resolved the issue of whether a succession representative as plaintiff may continue a LSA-C.C. art. 2315 personal injury suit brought by a victim who died without surviving beneficiaries as designated by then LSA-C.C. art. 2315. In applying the two statutes, the court likewise found them to be clear and unambiguous, and concluded, "the wording of C.C.P. art. 801 clearly shows that C.C. art. 2315 beneficiaries are to be given first preference in the definition of `legal successor'." Id. at 355.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; State Licensing Board for Contractors v. Louisiana State Department of Agriculture and Forestry, 588 So.2d 1268, 1272 (La.App. 1st Cir.1991), writ denied, 590 So.2d 598 (La.1992); see also Scott v. Clark, 583 So.2d 938, 941 (La.App. 1st Cir.1991) (citing Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984)).
Clearly, since Ms. Carl was survived by a brother, he is to be given first preference as "legal successor", and pursuant to the application of C.C.P. art. 801 together with C.C. art. 2315.1, he is the proper party plaintiff. Furthermore, paragraph (B) of 2315.1, which confers rights to the succession representative only in the "absence of any class of beneficiary" set out in C.C. art. 2315.1(A) is rendered inoperative.
The appellant argues that applying the law in this fashion frustrates the clearly expressed intent of Ms. Carl as reflected by her will, which provided that the majority of her property, with the exception of some minor, financially insignificant items, be placed in trust for the benefit of universal legatees (certain institutions) named in her will.[2]
This argument assumes the Nathan holding will be extended to affect the disposition of succession property; however, we do not read the opinion so broadly. The issue was stated succinctly by Justice Marcus in his concurring opinion. Herbert Nathan had instituted a tort action prior to his death. Max Nathan, Jr., was his La.C.C.P. art. 801(2) "legal successor" and could be substituted as party plaintiff because there were no La.Civ.Code art. 2315 survivors. The court never mentions who will share in the proceeds to be derived from the tort action to be pursued by the legal successor. From the language of the majority opinion we conclude that the proceeds are to be distributed consistently with the disposition of the remainder of the decedent's property. The court stated that when the decedent "has already asserted his right to recover ... there is no *739 need to provide who will inherit his right to the action." The court explained that the decedent's institution of suit created "a property right which is heritable even if there are no C.C. art. 2315 beneficiaries in existence." Nathan, 512 So.2d at 355.
This instant case, like Nathan, involved a situation in which the decedent instituted suit prior to his death. Unlike Nathan, there exists a La.Civ.Code art. 2315 beneficiary in the instant case. Although Nathan stands for the proposition that the decedent's brother, not the appointed administrator, is the proper party plaintiff, Nathan does not stand for the proposition that the proceeds from the suit will be the brother's property, not the property of the legatees named by the decedent.
Considering the interest which the Succession will have in the outcome of this case, we amend the judgment of the trial court to provide that the Succession administrator be dismissed as party plaintiff and classified as intervenor. Costs of the appeal are to be shared by appellant and appellee.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] After the filing of the second amending petition, counsel for the Succession undertook representation of the interests of both, the Succession of Opal Carl and Kenneth Carl, as plaintiffs. However, on appeal, counsel for the Succession filed a brief on behalf of the Succession as plaintiff/appellant. Although the defendants (Raymond Naquin, d/b/a Hammond Nursing Home, Marcus Naquin, Mary Cook, Faye White and Nurse Smith) filed a brief on their behalf as defendant/appellees, no brief has been filed on behalf of Kenneth Carl, and it appears that his interests are unrepresented on appeal.
[2] In its memorandum in opposition to the peremptory exception of no right of action, the appellant takes issue with the above cited application of the codal scheme, urging that "in the event a de cujus dies with the lawsuit pending, and the de cujus wanted his or her whole estate to devolve to a non-relative (i.e. someone not listed in C.C. 2315.1), the de cujus' wishes would not be carried out if the de cujus predeceases a relative listed at C.C. 2315.1."