650 So.2d 1245 (1995)
In re Medical Review Panel Diana LEBRETON
v.
Felix O. RABITO, M.D., Patrick C. Breaux, M.D. and Thomas A. Krefft, M.D.
No. 94-CA-1440.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 1995.
*1246 C. John Caskey, Baton Rouge, for plaintiff-appellant.
Edward J. Rice, Jr., Arthur F. Hickham, Jr., Adams and Reese, New Orleans, for defendants-appellees.
Before SCHOTT, C.J., and ARMSTRONG and MURRAY, JJ.
SCHOTT, Chief Judge.
Pursuant to LSA-R.S. 40:1299.47, plaintiff, Diana Lebreton, filed a request for a review by a medical review panel of her malpractice claim against defendants, Drs. Rabito and Breaux. Invoking the provisions of § 1299.47(B)(2), defendants filed an exception asserting that plaintiff had no right of action under C.C.P. art. 927(5) to bring her claim against them. The trial court sustained the exception and dismissed her claim. The principal issue is whether the procedure set out in § 1299.47(B)(2) applies to any defense other than one arising out of the statute of limitations provided by R.S. 9:5628. Holding that it does not, we reverse the judgment of the trial court.
Plaintiff is one of several adult children of Albert L. Lebreton, Jr., who died on August 20, 1991. She alleges that defendants caused his death by withdrawing tube feeding, hydration, and intravenous medication. In her petition requesting the medical review panel plaintiff alleged that the laws relative to medical malpractice, R.S. 40:1299.41 et seq., are inapplicable to her cause of action which she alleges to be a wrongful death and survival action pursuant to C.C. arts. 2315.1 and 2315.2. She further alleged that her medical review panel request was made "out of an abundance of caution" and "eventually" she will assert her wrongful death and survival actions.
R.S. 40:1299.58.5 outlines the procedure for the withholding of life sustaining procedures from a patient with a terminal and irreversible condition who has not previously made a declaration in this regard. The statute provides that in such a case the declaration may be made by persons in a specific order of priority. Pertinent to this case the patient's spouse not judicially separated is ranked ahead of an adult child of the patient. Alleging that decedent's spouse had made the declaration authorizing the withdrawal of life sustaining procedures from him, defendants' filed an exception to plaintiff's claim objecting that she had no right of action to make the claim.
R.S. 40:1299.47(B)(2) provides as follows:
(2)(a) A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.
(b) If the court finds that the claim had prescribed or otherwise was perempted prior to being filed, the panel, if established, shall be dissolved.
This section authorizes a defendant against whom a claim is pending before a medical *1247 review panel to invoke the jurisdiction of the court to have the claim dismissed, but only if the defense is based upon prescription or peremption under R.S. 9:5628. Defendants mistakenly construe the word "perempted" in § (B)(2)(b) to include any peremptory exception listed in C.C.P. art. 927. Paragraph (a) limits invocation of judicial jurisdiction to defenses pursuant to R.S. 9:5628. Thus the references in paragraph (b) are to three year peremption of R.S. 9:5628 along with its one year prescription. For a discussion of the distinction between prescription and peremption see Bunge Corp. v. GATX Corp., 557 So.2d 1376, 1379 (La.1990), reh. den. (April 1990). Since defendants' exception did not raise a defense under R.S. 9:5628 the trial court erred in sustaining it.
For the benefit of a reviewing court we hasten to add that even if defendants' exception of no right of action could be filed under § (B)(2) it would have no merit. The exception of no right of action raises the objection that the plaintiff has no interest in the institution of the suit. C.C.P. art. 927(5); and Masson v. Champion Insurance Company, 591 So.2d 399 (La.App. 4th Cir.1991). Plaintiff alleges that defendants wrongfully withdrew life-sustaining procedures from her father thereby causing his death. She asserts a wrongful death and survival action against them which she has the right to bring under C.C. arts. 2315.1 and 2315.2 as a surviving child of the deceased. Defendants' claim that they were authorized to withdraw life-sustaining procedures by law and by decedent's spouse is a matter of defense to plaintiff's claim, but it may not be urged by means of an exception of no right of action.
Accordingly, the judgment of the trial court sustaining defendants' exception and dismissing plaintiff's claims against them is reversed and set aside. All costs are assessed against defendants.
REVERSED AND RENDERED.