666 So.2d 1151 (1995)
Viola A. PECORARO
v.
THE NAPOLEON ROOM, INC., d/b/a Napoleon Room Bingo Hall, Pelican State Mutual Insurance Company, B'Nai B'Rith of New Orleans, The Congregation Bethisrael and XYZ Insurance Company
No. 95-CA-00511.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 1995.
*1152 Sidney J. Angelle, Keith M. Matulich, and Michael J. Tarleton, Metairie, for Defendant-Appellee.
James D. Maxwell, Kenner, for Defendant-Appellee.
Charles J. Imbornone, New Orleans, for Plaintiff-Appellant.
Before GAUDIN, CANNELLA, JJ., and REMY CHIASSON, J., Pro Tem.
REMY CHIASSON, Judge, Pro Tem.
Plaintiff, Viola P. Goodbee, appeals the granting of defendants' ex parte Motion and Order to Dismiss, based on the plaintiff's failure to join an indispensable party. The salient issues in this case can be narrowed to two: 1) Under LSA-C.C.P. art. 801, are all members of a LSA-C.C. art. 2315.1 class of legal successors indispensable parties in a personal injury action brought by a now deceased plaintiff prior to her death?[1] and 2) when a legal successor is substituted as party plaintiff, pursuant to LSA-C.C.P. art. 801, in a deceased plaintiff's existing tort claim, but in the capacity of administratrix of the original plaintiff's succession instead of as an LSA-C.C. art. 2315.1 legal successor, does this mandate dismissal of the suit for failure to substitute party plaintiff under LSA-C.C.P. art. 801?
For the following reasons, we reverse the trial court's judgment and remand for further proceedings.
Procedural History
On June 29, 1990, the original plaintiff, Viola Pecoraro, filed suit against The Napoleon Room d/b/a Napoleon Room Bingo Hall, Pelican State Mutual Insurance Company[2], B'Nai B'rith of New Orleans[3], The Congregation Beth Israel, and XYZ Insurance Company after she slipped and fell at the Napoleon Room while playing bingo. On May 5, 1994, Viola Pecoraro passed away from causes unrelated to the slip and fall. She was survived by two adult daughters, Viola P. Goodbee and Jo Ruth Bartel. The latter was an absentee whose whereabouts were unknown. On October 17, 1994, The Congregation filed a Motion for Compulsory Substitution for Deceased Party Plaintiff, requesting a summons to be issued to the heirs of Viola Pecoraro, the two daughters. Viola P. Goodbee was personally served on October 26, 1994. Two advertisements were published in the Times Picayune on October 27, 1994, and on November 17, 1994, in accordance with LSA-C.C.P. art. 803(C).
On November 29, 1994, defendants The Napoleon Room and LIGA filed a Motion to Dismiss for Failing to Substitute Parties. This motion contained no order and apparently no action was taken. Also on November 29, 1994, Viola P. Goodbee was named administratrix of the succession of Viola Pecoraro by action of the Civil District Court for the Parish of Orleans. On November 30, 1994, Goodbee filed a Second Supplemental and Amending Petition substituting herself as plaintiff in the capacity as administratrix of her mother's succession.
On December 12, 1994, defendants The Napoleon Room and LIGA filed an Exception, excepting to the plaintiff's Second Petition on the grounds that plaintiff failed to substitute an indispensable party, Bartel. *1153 This exception contained no order and the trial court does not appear to have set it for hearing. On December 15, 1994, defendants The Napoleon Room and LIGA filed a Motion for Extension of Time in which to answer the second petition, asking for and receiving a 30 day extension. On January 9, 1995, the Congregation filed an Ex Parte Motion and Order to Dismiss, averring that dismissal was required because of Bartel's failure to appear and substitute herself as a party plaintiff. On January 12, 1995, the trial court granted defendant's ex parte motion and dismissed the Congregation with prejudice, based upon Bartel's failure to appear. On January 26, 1995, the remaining defendants also filed an Ex Parte Motion and Order to Dismiss, which was granted on January 27, 1995, for the same reason the court granted the Congregation's Motion, the failure of Bartel to appear and substitute herself as a party plaintiff.
On February 9, 1995, after apparently locating Bartel, counsel for Goodbee filed a Motion to Annul and Set Aside Order to Dismiss, or Alternatively, Motion for New Trial, or Alternatively, Motion for Hearing on Defendants' Motions to Dismiss and/or Rule to Show Cause, or Alternatively, Motion to Supplement and Amend Petition, or Alternatively, Motion for Appeal. On the same date, the plaintiff filed a Third Supplemental and Amending Petition, substituting Goodbee and Bartel as plaintiffs in their capacities as legal successors to Pecoraro. This third petition was denied by the trial court on February 10, 1995.
On May 5, 1995, the trial court signed a judgment denying all of plaintiff's motions.
In appellate brief, plaintiff asserts that a Petition for Nullity of Judgments is currently pending in the 24th JDC, asking to annul the same judgments herein appealed.

ANALYSIS
Code of Civil Procedure articles 801-804 govern the substitution of deceased parties, and read as follows:
Art. 801. Voluntary substitution for deceased party; legal successor
When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
As used in Articles 801 through 804, "legal successor" means:
(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.
Art. 802. Compulsory substitution for deceased party; summons
On ex parte written motion of any other party, supported by an affidavit of the truth of the facts alleged, the court may order the issuance of a summons to the legal successor to appear and substitute himself for the deceased party. This summons shall show the title and docket number of the action, and the name and address of the court where the action is pending.
Art. 803. Same; service or publication of summons
A. When the name and address of the legal successor is known, and he is a resident of the state, he shall be summoned to appear and substitute himself for the deceased party within thirty days of the date the summons is served on him.
B. When the name and address of the legal successor is known, but he is a nonresident or absentee, he shall be summoned to appear and substitute himself for the deceased party within sixty days of the receipt of the summons through registered or certified mail.
C. If the name or address of the legal successor is unknown, the summons shall be by two publications not less than fifteen days apart in a newspaper published in the parish where the action is pending and in the parish of the domicile of the deceased party, which shall summon him to appear and substitute himself for the deceased *1154 party within sixty days of the first publication. The summons shall be addressed to the legal successor by name, if the latter is known; and otherwise shall be addressed to "The legal successor of ____, deceased".
Art. 804. Same; effect of failure of legal successor to appear
When the legal successor fails to appear and substitute himself for the deceased party within the delay allowed in the summons, on ex parte written motion of any other party, the court may:
(1) Dismiss the action as to the deceased party, with or without prejudice, if the deceased was a plaintiff; or
(2) When the legal successor of a deceased defendant has not been served by personal or domiciliary service with summons to appear and substitute, appoint an attorney at law to represent such legal successor, and the action shall be proceeded with contradictorily against the attorney at law.
LSA-C.C. art. 2315.1 defines the following classes as legal successors:
(1) The surviving spouse and child or children of the deceased, or either the spouse of the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
We disagree with defendants' interpretation of C.C. art. 2315.1 that all legal successors in a particular C.C. art. 2315.1 class must appear in the continuation of an action such as the one in the instant case. Jurisprudence is silent on this issue. We do not interpret the language of C.C. art. 2315.1 or C.C.P. art. 801 to require the appearance (as plaintiffs) of every legal successor in a class to prevent dismissal of the cause of action.
In State Dept. Of Highways v. Lamar Advertising Company of Louisiana, 279 So.2d 671 (La.1973), the Supreme Court analyzed the consequences that flow from labeling a party indispensable and concluded that "[t]hese differences in the way the absent party affects the case, and the possible harsh result if the party is ruled indispensable, mandate that such classification be applied to a party only after the facts clearly establish that no complete and equitable adjudication of the interest can be made in his absence." Id. at 675. The court stated that "great care must be exercised to insure a proper factual analysis of the party's interest in the case before a determination of the party's classification is made." Id. at 675. The Supreme Court concluded that parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights.[4] We have been unable to locate any jurisprudence which suggests that a legal successor is an indispensable party in a suit such as this. LSA-C.C.P. art. 641 provides that indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
Sarratt v. Cappaert Enterprises, 442 So.2d 783 (La.App. 5 Cir.1983), implies that legal successors, after they have been legally summoned to appear, may opt out of joining an action such as this one without the dismissal of the action as to the remaining legal successors in that class who have chosen to appear. This interpretation is supported by the permissive language found in LSA-C.C.P. art. 801 (... his legal successor may have himself substituted for the deceased party ...). It is further supported by the language of C.C.P. art. 804, which we believe contemplates dismissal if no legal successor appears. The only cases we find where legal successors have been held to be indispensable parties are those which involve the inheritance of undivided interests in land and land titles.
After considering the jurisprudence and applicable law, we believe that the failure *1155 of Bartel to appear and substitute herself as a party plaintiff does not mandate the dismissal of the entire action. Dismissal of the entire action unduly punishes the other legal successor, Goodbee, who did appear in the suit.
Additionally, we find that the defendants did not correctly comply with the procedures outlined in LSA-C.C.P. arts. 801-804 when they summoned Bartel to appear in the suit. The record reflects that Bartel was summoned to appear as a party defendant rather than a party plaintiff. We note the obvious difference in capacities carries with it very different legal consequences to a summoned party. We therefore also find that the summons was legally ineffective as to Bartel.
Next, we turn to the issue of Goodbee's capacity as she appears in the suit. It is argued in brief that the suit must be dismissed because she appears in the wrong capacity, as administratrix of her mother's succession, instead of as her mother's legal successor. However, the record contains no motion or exception challenging Goodbee's capacity.
We have found several cases where courts have found that an action was wrongfully continued or instituted by a succession representative because Art. 2315.1 legal successors existed. However, in none of these cases was the succession representative also an Art. 2315.1 legal successor. Overpeck v. Christ Episcopal Church, 577 So.2d 364 (La. App. 1 Cir.1991); Carl v. Naquin 93-1725 (La.App. 1 Cir. 5/20/94), 637 So.2d 736. See also Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987). Defendants are aware that Goodbee is a legal successor in addition to being the administratrix of her mother's succession.
Plaintiff requests that the judgments appealed from be found null because they were obtained through fraud and ill practices. LSA-C.C.P. art. 2004 provides that an action of nullity may be brought when a judgment is obtained through fraud or ill practices. Appellants have stated in brief that they have filed such an action in the trial court. A nullity action is a separate lawsuit, commenced by filing a petition in the trial court, and proceeds through ordinary process. Thus, we do not consider this assignment of error.
Accordingly, we hereby reverse the trial court's grant of defendants' Motions for Dismissal, on the grounds that Bartel is not an indispensable party and on the grounds that Bartel was not properly summoned to appear in the suit. We hold that the appearance by one legal successor is legally sufficient to prevent the dismissal of the entire action under LSA-C.C.P. arts. 801 et seq. We also find that the capacity of Goodbee, the substituted party plaintiff, has not been challenged. We remand for further proceedings consistent with this opinion. Costs of this appeal are to be taxed to defendants.
REVERSED AND REMANDED.
NOTES
[1] Appellees contend that the plaintiff has abandoned any discussion of the above issue because plaintiff failed to brief it. However, in order for an appellant to abandon an assignment of error by nonbriefing, the appellant must have first alleged the assignment of error. Uniform Rules of the Courts of Appeal, Rule 2-12.4. Plaintiff did not enumerate this issue as an assignment of error. Thus, that which does not exist cannot be abandoned. Furthermore, the Court of Appeal has the authority to render any judgment which is just, legal, and proper upon the record on appeal. LSA-C.C.P. art. 2164.
[2] LIGA was added in plaintiff's First Supplemental and Amending Petition, as successor to Pelican.
[3] This defendant was dismissed without prejudice on June 15, 1994.
[4] See Lebreton v. Rabito, 94-1440, (La.App. 4 Cir.2/23/95), 650 So.2d 1245, where a court recognized the right of one of a deceased's adult children to institute a medical malpractice action alleging a wrongful death claim and a survival action.