SOL GOTHARD, Judge.
Intervenor, the law firm of Unger & Byrne, appeals from a judgment holding it liable for interest on a promissory note signed by plaintiff Donna Fitch. For the *186 reasons that follow, we reverse the decision of the trial court.
In October of 1997, Ms. Fitch retained intervenor to represent her in a tort suit. On October 15, 1997, she signed a promissory note drawn on Crescent Bank and Trust for $10,000.00, at 18% interest. In-tervenor signed as guarantor of the note. Funds were drawn on the account to pay costs of litigation and medical expenses incurred by plaintiff and/or intervenor on her behalf. Subsequently, intervenor paid the principal and interest on the loan.
Thereafter, Ms. Fitch discharged inter-venor and obtained new counsel who settled the personal injury case for $40,000.00. Intervenor filed a motion to set fees and costs, including the amounts paid on the loan. The trial court awarded costs and attorney fees to intervenor, but exonerated her from paying the interest on the loan, and found that the interest was to be paid by the firm of Unger and Byrne.
In this appeal appellant argues that the trial court abused its discretion in refusing to allow intervenor to recover for interest owed, contrary to the Louisiana Supreme Court decision of Chittenden v. State Farm Mut. Auto. Ins. Co., 98-2919 (La.App. 4 Cir. 12/15/99), 748 So.2d 641. Appellant also argues that the trial court had no authority to exonerate plaintiff from the interest, while holding her responsible for the principle amount of the loan.
In Chittenden, the Louisiana Supreme Court considered whether a law firm who advances sums to a client can recover for interest on those advanced sums. The law firm at issue had advanced funds to the client, and secured a loan to cover those advanced funds. The retainer agreement provided that “the full amount of the interest charged on such loans will be reimbursed to Attorneys ... out of the funds received on this claim.” The Court found that charging of interest was not unethical, and cited with approval the principles that (1) the client must agree in writing to such a charge; and (2) the interest rate must be lawful and reasonable. 788 So.2d at 1150. The law firm was allowed to recover reasonable interest it paid on a loan it obtained and used to advance costs to the client.
Here, plaintiff does not argue that the amount of interest charged is unreasonable, or that the loan at issue was not used to pay expenses associated with the litigation and/or medical expenses. In brief to this court, plaintiff argues only that retainer at issue is silent on the issue of advanced costs and/or medical expenses, and that “The District Court, in the absence of a contractual provision ... had the discretion to determine whether it was reasonable or unreasonable for appellant attorney to pay the interest due on the note.” However, the retainer agreement does address the issue, by providing that “IF, for any reason or no reason at all, ATTORNEY is discharged by CLIENT, ATTORNEY will be entitled to be reimbursed his costs, advances and expenses, plus a fee based upon the work preformed (sic).” The interest on the loan was an expense incurred by intervenor, Land therefore under the terms of the agreement, the firm is entitled to reimbursement of that expense.
Finally, it was the plaintiff, and not the intervenor, who executed the note, and is therefore liable for both the principal and interest. Intervenor signed the note, not as a principal, but as a guarantor. La. C.C. art. 3047 provides that “A surety has the right of subrogation, the right of reimbursement, and the right to require security from the principal obligor.” A surety who pays the debt has the right of recourse against the principal debtor. Louisiana Bank & Trust Co., Crowley v. *187 Boutte, 309 So.2d 274 (La.1975). In this case, the intervenor paid the principal and interest, and therefore has the right to receive reimbursement from plaintiff for the interest paid.
We find that the trial court erred in absolving plaintiff from liability for the interest accrued pursuant to the terms the loan.
Intervenor also argues that the trial court erred in ruling without the joinder of Crescent Bank & Trust, “... a party needed for a just adjudication of any matters affecting the obligation concerning the loan.”
La. C.C.P. art. 641[1] provides that “indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the 1 controversy cannot be made unless they are joined in the action.” Pecoraro v. The Napoleon Room, Inc., 95-00511 (La.App. 5 Cir. 12/13/95), 666 So.2d 1151, 1154.
In this case, we see no error in the trial court’s ruling. The record before us reflects that an equitable adjudication of the controversy could be made without joining Crescent Bank and Trust. The issue presented to the court was whether interve-nor or plaintiff was liable for the interest on a promissory note made by plaintiff and guaranteed by intervenor, and the resolution of this issue did not require the join-der of the lending institution.
For the above discussed reasons, the decision of the trial court finding that in-tervenor is to pay the interest on the promissory note is reversed, and it is ordered that plaintiff reimburse to interve-nor the amount of interest paid on the promissory note. Costs of this appeal are assessed against plaintiff/appellee.

REVERSED.

. A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.