# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**24-198**


**JEFFERY WRIGHT**

**VERSUS**

**JOHN DOE, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 268,679
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.


**VACATED AND REMANDED.**

**Brandon J. Scott**
**107 N Washington Street**
**Marksville, LA   71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Justin Ferrell**

**Russell L. Potter**
**Stafford, Stewart & Potter**
**Post Office Box 11768**
**Alexandria, LA   71305**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/ APPELLEES:**
     **Florists' Mutual Insurance Company**
     **Bennie Sauseda**
     **Troy Raymond Beauford**
     **Beauford Enterprises, LLC**
     **Yankee Clipper**

**PERRET, Judge.**

Justin Ferrell, the son of Plaintiff, Jeffery Wright, now deceased, appeals the trial court's September 14, 2023 Ex Parte Motion to Dismiss, which dismissed Mr. Wright's suit in its entirety and with prejudice. After review, we set aside the September 14, 2023 judgment and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND:**

Mr. Wright filed suit on August 6, 2020, and filed a Supplemental and Amending Petition for Damages thereafter against Beauford Enterprises, LLC, Troy Raymond Beauford, Yankee Clipper, Bennie Sauseda, and Florists' Mutual Insurance Company, Defendants. Mr. Wright alleged that he sustained personal injuries in an accident on August 20, 2019, when a bobcat heavy equipment vehicle struck Mr. Wright's vehicle.

On March 3, 2022, Mr. Wright died due to circumstances unrelated to the accident herein.

On May 20, 2023, Defendants filed an Ex Parte Motion and Order to Summons Legal Successor, with an attached obituary for Mr. Wright, which was signed on May 31, 2023, by the trial court. Defendants then published the following summons in two newspapers, the Marksville Weekly News on June 16 and July 14, 2023, and The Town Talk on June 28 and August 13, 2023:

> NOTICE TO THE LEGAL SUCCESSORS OF JEFFREY WRIGHT, DECEASED: This is to summon the legal successor for Jeffery Wright, now deceased, to substitute themselves for the deceased party within 60 days of the first publication of this notice. Failure to substitute may result in a dismissal of any cause of action or lawsuit filed by Jeffrey Wright. This lawsuit was originally filed as, "Jeffery Wright v. John Doe, Beauford Enterprises, LLC, Beauford Enterprises Yankee Clipper Garden Centre, Inc., Troy Raymond Beauford and Yankee Clipper," bearing Civil Suit No. 268,679 in the 9th JDC, Rapides Parish, Louisiana.

On September 11, 2023, Mr. Ferrell filed an Ex Parte Motion for Voluntary Substitution of Deceased Plaintiff. The motion alleged that Mr. Ferrell is the biological child of Mr. Wright and that Mr. Wright left behind no surviving spouse. The Order substituting Mr. Ferrell as a proper party plaintiff was signed by the trial court on the same day that it was filed, September 11, 2023.

On September 12, 2023, Defendants filed an Ex Parte Motion to Dismiss pursuant to La.Code Civ.P. art. 804, which alleged that no legal successor had come forward to be substituted as a plaintiff and that it had been more than sixty days since the first notice of the summons was published. In their memorandum, Defendants asserted that they were unaware of Mr. Wright's legal successors, but admit they received a child support lien notice from the State of California. Defendants asserted that notices pursuant to La.Code Civ.P. art. 803(C) were issued in Rapides Parish, the parish where the case is pending, and in Avoyelles Parish, the parish of Mr. Wright's domicile. Defendants attached exhibits evidencing the published notices as well as Mr. Wright's answers to interrogatories and requests for production in which he provided his full name, birthday, his marital status ("Not married"), and a copy of his driver's license. Additionally, the exhibits included a Rapides Parish Coroner's report indicating Jeffrey Dale Wright, born January 20, 1970, died on March 3, 2022.

On September 14, 2023, the Ex Parte Motion to Dismiss was signed by the trial court and dismissed the suit with prejudice.

On September 22, 2023, Justin Ferrell filed a Motion for New Trial with Incorporated Memorandum wherein he asserted that he was substituted as a proper party plaintiff in the matter by the trial court's September 11, 2023 Order. Thus,

2

granting Defendant's motion to dismiss was contrary to law and evidence and a new trial should be granted.

In opposition, Defendants alleged that their motion to dismiss was mailed on September 8, 2023, prior to receiving Mr. Ferrell's motion to substitute, and emailed to Plaintiff's counsel that same day. Defendants state they

> would not have filed the Ex Parte Motion to Dismiss had [counsel] been notified of a filing of the Ex Parte Motion for Voluntary Substitution of Deceased Plaintiff. We were not presented with an email, fax, or other notification that [said motion] was filed until September 11, 2023, after mailing the [motion to dismiss] to the court and emailing it to plaintiff's counsel on September 8, 2023.

Furthermore, Defendants argued that the motion to substitute filed by Mr. Ferrell had no legal effect because it was filed more than sixty days from the date the first notice of summons was published. Pursuant to La.Code Civ.P. art. 804, the trial court's only option, they argued, was to dismiss the case.

Only Defendants' counsel appeared at the hearing on the motion for new trial, after which the trial court denied the motion on November 13, 2023. Mr. Ferrell filed a Motion & Order for Devolutive Appeal on January 10, 2024, appealing the September 14, 2023 Order. This appeal follows and Mr. Ferrell assigns three assignments of error, paraphrased as follows:

1. The trial court erred in granting the Ex Parte Motion to Dismiss after granting Mr. Ferrell's Ex Parte Motion for Voluntary Substitution of Deceased Plaintiff.

2. The trial court erred in granting the Ex Parte Motion to Dismiss because the summons issued by Defendants pursuant to La.Code Civ.P. art. 803 failed to address the legal successor by name and was, therefore, insufficient and ineffective towards Mr. Ferrell.

3. The trial court erred in dismissing Mr. Ferrell's claims with prejudice where La.Code Civ.P. art. 804 grants the court discretion to dismiss the action as to the deceased party, not a substituted plaintiff.

3

**DISCUSSION:**

Applicable to the case herein are La.Code Civ.P. arts. 801 through 804 (emphasis added), which state in pertinent part:

Art. 801. Voluntary substitution for deceased party; legal successor

When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.

As used in Articles 801 through 804, "legal successor" means:

(1) The survivors designated in Article 2315.1[1] of the Civil Code, if the action survives in their favor; and

(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

Art. 802. Compulsory substitution for deceased party; summons

On ex parte written motion of any other party, supported by an affidavit of the truth of the facts alleged, the court may order the issuance of a summons to the legal successor to appear and substitute

---

[1] Louisiana Civil Code Article 2315.1 provides, in pertinent part:

A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

4

himself for the deceased party. This summons shall show the title and docket number of the action, and the name and address of the court where the action is pending.

Art. 803. Same; service or publication of summons:

C. If the name or address of the legal successor is unknown, the summons shall be by two publications not less than fifteen days apart in a newspaper published in the parish where the action is pending and in the parish of the domicile of the deceased party, which shall summon him to appear and substitute himself for the deceased party within sixty days of the first publication. **The summons shall be addressed to the legal successor by name, if the latter is known;** and otherwise shall be addressed to "The legal successor of _____, deceased".

Art. 804. Same; effect or failure of legal successor to appear

When the legal successor fails to appear and substitute himself for the deceased party **within the delay allowed in the summons**, on ex parte written motion of any other party, the court *may*:

(1) Dismiss the action as to the deceased party, with or without prejudice, *if the deceased was a plaintiff*[.]

Because we find merit to Mr. Ferrell's second assignment of error, we address that assignment first.[2] In his second assignment of error, Mr. Ferrell argues that the delays for a legal successor to appear and substitute as plaintiff cannot commence when the summons is deficient. This assignment of error challenges whether the procedures outlined in La.Code Civ.P. art. 803(C) were properly followed. For the

---

[2] We note that this argument was not made at the motion for new trial. However, the fifth circuit entertained an appeal of a dismissal despite the legal successors not filing a motion for new trial in the trial court. Thus, the first time the dismissal and any reasons it was improperly granted were addressed was on appeal. *See Sarratt v. Cappaert Enterprises*, 442 So.2d 783 (La.App. 5 Cir. 1983), *writ denied*, 446 So.2d 1225 (La.1984) (after the case was dismissed for failure to substitute legal successors as the plaintiff, the legal successors filed a Motion and Order for Appeal and, on appeal, challenged the summons as improper).

Additionally, in *Pecoraro v. The Napoleon Room, Inc.*, 95-511 (La.App. 5 Cir. 12/13/95), 666 So.2d 1151, the fifth circuit recognized that La.Code Civ.P. arts. 801-804 were not properly complied with, resulting in a legally ineffective summons, despite that issue not appearing to have been presented to the trial court. Instead, it appears the trial court considered only the alleged failure to add an indispensable party as plaintiff.

following reasons, we conclude those procedures were not complied with and the summons was legally ineffective as to Mr. Ferrell.

In *Sarratt v. Cappaert Enterprises*, 442 So.2d 783 (La. App. 5 Cir. 1983), *writ denied*, 446 So.2d 1225 (La.1984), the court of appeal determined "the defendants failed to properly summon the successors," vacated the judgment, and remanded the case for further proceedings. In *Sarratt*, the plaintiff died during the pendency of litigation, leaving behind a wife and four children, whose addresses were unknown. The defendants averred that the widow was informed of the case but did not want to substitute herself as plaintiff. The defendants filed a motion to summon legal successors but did not name the successors in the published summons. After the case was dismissed, the legal successors of the deceased plaintiff appealed. On appeal, the fifth circuit determined that the summons had no legal effect as to the children because the second notice was published more than 100 days after the first, and after the 60 days provided for in the statute. As to the widow, the appellate court concluded that regardless of what she may have told the defendants, the statute required she be named in the summons. Specifically:

> The plain fact is that she was simply not named in the summons. Defendants contend that because she was sent a copy of the motion and order for the summons that she thus received sufficient notice of her right of substitution. We point out, however, that Arts. 802 and 803 specifically provide that a summons shall be issued by the court naming the legal successor when her name is known, and summoning her to appear timely and substitute herself for the deceased party. As no such summons was issued to Karin Sarratt, the time limitations of Arts. 803 and 804 have never run against her.

*Id*. at 786–87. Thus, time limitations for a legal successor to appear following a summons do not run against a legal successor who has not been properly summoned pursuant to these articles, even if the legal successor has previously been contacted. *See also Anderson v. Haymer*, 13-2256 (La.App. 1 Cir. 9/19/14) (unpublished

opinion), *writ denied*, 14-2186 (La. 1/9/15), 157 So.3d 599 (legal successor's name was known and not properly summoned according to La.Code Civ.P. art. 803(A); thus, the time delays for the legal successor's appearance did not commence).

Mr. Ferrell asserts that Defendants knew of his name and status as decedent's son, which was mentioned in Mr. Wright's obituary. Despite this knowledge, the summons failed to address him by name and was, therefore, insufficient and ineffective towards Mr. Ferrell.

In opposition Defendants contend that they did not, with certainty, know of Mr. Wright's children. Defendants admit in their Memorandum in Support of Ex Parte Motion to Dismiss that they "received a lien notice from the state of California asserting a child support lien on any awards made in this case, even after Mr. Wright's death." Defendants also acknowledged that Mr. Wright's obituary identifies a spouse and children, including Mr. Ferrell, of Mr. Wright. However, Defendants argue they should not have named these people in the summons because

> defendants had no way of knowing whether any of the information in the obituary was accurate. Undersigned counsel knew that some of the information in the obituary was simply wrong. The obituary identifies Deborah Allbright as Mr. Wright's spouse of 30 years, when in fact defendants knew through discovery that Mr. Wright was not married. An obituary is not "official" information and simply can not [sic] be the basis to confer legal rights to persons identified therein.

Under the facts of this case, we find Defendants should have named Mr. Ferrell pursuant to La.Code Civ.P. art. 803(C). Though an obituary may not be official information, Defendants admitted two children of Mr. Wright were named in the obituary and had knowledge that there was a California lien for child support, thus indicating Mr. Wright had at least one child. Under these circumstances, we find Defendants were required to include the names they were aware of as legal successors in the published summons.

Therefore, we conclude that the summons was deficient. As the procedures set forth in La.Code Civ.P. art. 803 were not correctly complied with, the summons was legally ineffective as to Mr. Ferrell. *See generally Pecoraro*, 666 So.2d 1151. Pursuant to *Sarratt*, 442 So.2d 783, the time limitations for Mr. Ferrell to appear did not run. The trial court's judgment dismissing the case was error. The judgment is vacated and remanded for further proceedings. This result also renders a discussion of the remaining assignments of error moot.

**DECREE:**

For the foregoing reasons, the September 14, 2023 Ex Parte Motion to Dismiss signed by the trial court is set aside and this case is remanded for further proceedings. Costs of this appeal are assessed against Defendants, Beauford Enterprises, LLC, Troy Raymond Beauford, Yankee Clipper, Bennie Sauseda, and Florists' Mutual Insurance Company.

**VACATED AND REMANDED.**