CHASEZ, Judge.
This is an appeal from a judgment sustaining defendant’s motion to strike certain allegations from an amended petition filed by the plaintiff-appellant, John A. Adema, d/b/a John A. Adema Insurance Company.
Plaintiff Adema filed this suit on June 10, 1964. In his petition, styled suit on a note, Adema alleged that defendant J. R. Elliot was indebted to him in the sum of $1,595.72, the balance due on a delinquent promissory note executed by Elliot. As a separate allegation of this petition, plaintiff alleged that Elliot was also indebted to him in the sum of $1,337.50, the balance allegedly due on Hull & P & I Insurance for the vessel “Little Nacy”. Thus the total indebtedness alleged in the petition was $2,933.22.
Defendant answered this suit with a general denial. The matter came to trial on June 10, 1965. At this trial, during the course of presentation of his evidence, Adema attempted to prove that defendant was indebted to him not only on the note, and on the Hull & P & I Insurance on the vessel “Little Nacy”, but also on a Hull & P & I Insurance policy on the vessel “Silver Streak”. Further the amounts which plaintiff attempted to prove due on the note and on the “Little Nacy” insurance policy were not in accordance with the petition.
The defendant objected to the introduction of any evidence which did not conform to the pleadings and the trial judge sustained this objection, but gave the plaintiff leave to amend his petition, and continued the case as an open matter until such time as the amended petition and amended answer could be placed of record.
The plaintiff filed his supplemental and amended petition on June 18, 1965. In this *466 petition the plaintiff alleged the following indebtedness by the defendant: $438.00 on the promissory note; $413.00 Excess Insurance on the vessel “Little Nacy”; $1,-530.06 for Hull & P & I Insurance on “Little Nacy”; $752.16 for Excess, Hull & P & I Insurance on the vessel “Silver Streak”, for a total of $3,133.22. The plaintiff admitted payment by defendant on account in the sum of $200.00, leaving a remaining total indebtedness of $2,933.22 claimed by plaintiff from the defendant. This amount claimed was identical to the sum claimed in plaintiff’s original petition.
On June 29, 1965 the defendant filed the Exceptions of Prescription, Res Judicata, No Cause of Action and a Motion to Strike. The exceptions were later abandoned by defendant, only the Motion to Strike being seriously considered.
Subsequent to the filing of this motion the trial judge died and the case was eventually assigned to his successor.
On November 21, 1968 the arguments on the Motion to Strike were heard by the new trial judge and he ordered that all allegations in plaintiff’s amended petition pertaining to recovery for premiums due on insurance issued for the vessel “Silver Streak” be stricken from this petition.
Plaintiff has taken this appeal from that judgment.
We are concerned then with the application of those articles in the Code of Civil Procedure which deal with amended pleadings, LSA-C.C.P. arts. 1151-1156.
Art. 1151 provides that a plaintiff may amend his petition without leave of Court at any time before the answer thereto is served. After issue is joined however, the petition may be amended only by leave of Court or by written consent of the adverse party.
Art. 1154 deals with the situation we have before us, where a party attempts to introduce at trial evidence pertaining to an issue which was not raised by the pleadings. The article provides as follows:
“Art. 1154. Amendment to conform to evidence.
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.” (Emphasis supplied)
Stated simply our problem becomes: is it within the discretion of the trial judge to allow a plaintiff opportunity to amend his petition, over the objection of the opposing party, when the amendment sought will introduce a wholly new cause of action which was not pleaded in plaintiff’s original petition?
The defendant herein takes the position that the trial judge does not have this discretion. His argument is twofold. First, he contends that article 1154 simply permits the trial judge to allow an amendment which would raise new issues when these new issues would subserve the merits of the action already pleaded in the original petition. This discretion, he argues, does not then reach a situation where an issue relating to a wholly new cause of action is sought to be introduced.
*467 Second, he argues that article 1154 must be read in connection with 1155 which does give the trial judge the discretion to allow a new cause of action to be pleaded by a supplemental petition, but only when this new cause of action is one exigible since the filing of the original petition, and only when this new cause of action relates to one contained in the original petition.
Thus it is defendant’s position that plaintiff’s attempt to allege facts pertaining to the insurance policy covering the vessel “Silver Streak” cannot be permitted, as these facts obviously pertain to a new cause of action which does not relate to either action pleaded in the original petition, and this new cause of action was exigible at the time of the filing of the original petition.
We find we cannot agree with the defendant’s position and we hold that the trial judge was in error in ordering the allegations pertaining to the policies of insurance on the vessel “Silver Streak” to be stricken from the amended petition.
First we note that article 1155 in no way controls or affects the question before us. This article pertains solely to supplemental and not to an amended pleadings.
A supplemental pleading differs from an amended pleading in that an amended pleading involves matters which occurred before the original complaint was filed and which were either overlooked by the pleader or were unknown to him at the time, while a supplemental pleading covers issues or causes of actions which have arisen since the filing of the original petition, which relate to the issues or actions contained in the original petition. Wallace v. Hanover Insurance Company of New York, 164 So.2d 111, La.App., 1 Cir. 1964, (Writ denied,) 246 La. 598, 165 So.2d 486 (1964).
Second we find that art. 1154 is wholly applicable to the case at hand, and the interpretation placed upon this article by the defendant is entirely too restrictive.
In the Wallace case supra, the Court had this to say concerning the proper interpretation of art. 1154.
“[5] The second part of Article 1154 embodies the second Federal procedure and is applicable where evidence is objected to at the trial. Under this procedure the trial judge may allow an amendment to facilitate a full hearing on the merits, provided there is no prejudice to the opposing party. The comment found in our code, however, tends to limit this judicial power to a case where the amendment cure's a defective pleading, excluding cases where the amendment seeks to raise a new cause of action or a new affirmative defense. The reason for this is that it is difficult to imagine a case where there would not be prejudice to the opposing party if new causes of action or new defenses were raised during the trial. The article does, however, authorize the trial judge to grant a continuance to allow the party to meet the evidence. The continuance itself, however, may be prejudicial to a party anxious to have his case heard and, therefore, the judicial discretion granted to allow amendments which raise new issues during the trial should be most closely guarded.
4» H* 4» »}» 't*
“ [7] Applying this to the facts of this case, it is obvious that the attempted amendment raised a new affirmative defense, not during the trial, but after, affording plaintiff no opportunity to meet it. This is most prejudicial and cannot be allowed. Had the motion to amend been presented during the trial, it might have been granted, saving to the plaintiff the right to a continuance to meet the new defense.” (Emphasis ours.)
Following this rationale then, we find that the trial judge may allow an amended pleading to be filed over opposition’s objection after trial is commenced to introduce a wholly new issue or cause of action if he then grants a continuance for *468 this to be done so as to give the opposing party time to prepare his defenses to these new issues or actions, and if the rights of the opposing party are not thereby prejudiced, even though he has been granted such extra time.
The trial judge thus followed the proper procedure in allowing plaintiff leave to amend to show his new cause of action, by then granting the defendant an indefinite continuance to prepare his defenses to this new plea. The defendant has not attempted to show that he has been in any way prejudiced by this action by the trial judge.
In fact, as the matter has subsequently developed, the defendant has had to date four full years to prepare his defense to the plaintiff’s amended petition filed June 1, 1965.
We are mindful of another consideration in reaching our decision herein. Our jurisprudence is well settled, that we should avoid where possible the multiplicity of suits. Simply stated, if the plaintiff were not allowed to prove in this action his claim of indebtedness on the insurance policies issued on the vessel “Silver Streak”, he would then file a new suit to enforce this alleged indebtedness. By allowing the plaintiff to incorporate this demand with his suit in the note and claim for premiums due on the vessel “Little Nacy”, we avoid the necessity for two suits to settle all the claims between the same two parties.
For the reasons hereinabove expressed, the judgment appealed from ordering the allegations concerning the defendant’s indebtedness on the insurance policies issued for the vessel “Silver Streak” stricken from plaintiff’s amended petition is reversed; the case is hereby ordered remanded to the trial Court to be tried on the issues raised by both the original and amended petitions and the defendant is given the applicable delays allowed by law to file his answer to the amended petition. The defendant-appellee is to pay the costs of this appeal.
Reversed and remanded.