JjPICKETT, J.

FACTS

On July 23, 1998, James Taylor was proceeding south on U.S. 165 in Rapides Parish. Allegedly a vehicle being operated by Marie S. Sontag entered the path of Mr. Taylor’s truck, thereby causing a collision. As a result of the collision, a passenger in Ms. Sontag’s vehicle died and Mr. Taylor sustained bodily injuries and property damage. At the time of the accident, Mr. Taylor was not married. However, on May 7, 1999, he married Minerva Dale Taylor. Mr. Taylor died seven weeks later on June 25,1999.
Following his death, his sister, Magdalene Taylor Sandell filed a Petition For Damages on July 13, 1999, as administra-trix of James Taylor’s estate, naming Allstate Insurance Company (Allstate), State Farm Mutual Automobile Insurance Company (State Farm) and Marie S. Sontag as defendants. Minerva Dale Taylor, filed a survival action on July 26, 1999, in which she also named the same parties as defendants. In response to Ms. Sandell’s petition, State Farm filed an Exception of Lack of Procedural Capacity and No Right of Action asserting that Ms. Sandell was not the court appointed administratrix of the estate of James Taylor, and, therefore, lacked procedural capacity to sue and has no right to enforce an action on behalf of the estate of James Taylor. Additionally, State Farm argued that under La.Civ. Code art. 2315.1, Ms. Sandell has no right of action to recover for the alleged injuries of Mr. Taylor because the decedent is survived by a spouse and child. Allstate and Marie S. Sontag filed a Peremptory Exception of No Cause of Action, Dilatory Exception of Lack of Procedural Capacity, Dilatory Exception of Vagueness, Motion to Strike and Answer to Petition for Damages in response to Minerva Dale Taylor’s petition. Allstate and Ms. Sontag filed a Motion to Consolidate the separate suits filed by Ms. Sandell and Minerva Dale Taylor. On September 10, 1999, Ms. San-dell |2ffled a Petition for Intervention wherein she contends that she is the duly qualified estate representative and the only party with any interest to the proceeds and entitled to recover all funds recovered as a result of the negligence of Marie S. Sontag, as the proceeds are the separate property of the estate of James Taylor. Minerva Dale Taylor filed an Answer and Exceptions to Ms. Sandell’s Petition for Intervention eleven months later on August 28, 2000.
The Motion to Consolidate and Exception of No Right of Action were heard on September 20, 1999, in the Ninth Judicial District Court, but Sandell’s petition for intervention was not addressed at this time. At the hearing, evidence was introduced showing that a succession had been opened for James Taylor in Allen Parish and Ms. Sandell had been appointed as succession representative. Therefore, the trial court denied State Farm’s Exception of Lack of Procedural Capacity. The trial court consolidated the two suits under the rationale set forth in Carl v. Naquin, 93-1725 (La.App. 1 Cir. 5/20/94); 637 So.2d 736, and took the exception of no right of action filed by Allstate under advisement. On June 15, 2001, the trial court issued Written Reasons for Judgment wherein it ruled that the presence of Minerva Dale Taylor, surviving spouse of James Vernon Taylor, establishes a member of a class pursuant to La.Civ.Code art. 2315.1(A)(1), therefore rendering claims by Magdalene *577 Taylor Sandell, in her capacity as succession representative, improper. Accordingly, the trial court granted the Exceptions of No Right of Action filed by Minerva Dale Taylor and State Farm and dismissed the claims brought by Ms. Sandell. The court later amended its Reasons for Judgment and granted the Exceptions of No Cause of Action and Lack of Procedural Capacity brought by Allstate and Ms. Sontag and dismissed Ms. Sandell’s claims against them also. It is from these judgments that Magdalene Taylor Sandell appeals.
1 «ASSIGNMENT OF ERRORS
The appellants allege two separate assignments of error, as follows:
1. That the Trial Court committed manifest error in dismissing the Petition for Intervention.
A. The Court committed error in not holding a hearing on the Exceptions of No Right of Action, No Cause of Action and Lack of Procedural Capacity as they related to the Petition for Intervention.
B. Had a hearing been held, or if the trial judge used evidence at the September hearings in reaching his decision, the judge was was clearly in error.
2. That the Trial Court committed manifest error in dismissing the Petition for Damages of Magdalene Taylor Sandell.

DISCUSSION

The appellant, Ms. Sandell, argues that it was error for the trial court to dismiss the Petition for Intervention as no hearing was ever held on the Exceptions to the Petition filed by Minerva Dale Taylor.
Ms. Sandell relies on the case of Carl, 637 So.2d 736, in arguing that the trial court should not have dismissed her suit for intervention. In Carl, although the court found that the deceased’s brother was the proper party to continue the personal injury action and dismissed the succession representative, the court ruled that the deceased’s succession would be classified as intervenor where the succession had an interest in the outcome of the action because the deceased’s will placed the majority of property in trust for the benefit of the universal legatees named in the will.
I ¿The instant case is distinguishable from Carl, because the deceased died intestate, and, therefore, his property will devolve by operation of law in favor of his descendants, in the absence of which the property devolves to his surviving spouse.
It is unclear whether Ms. Sandell’s petition for intervention, which was filed on September 10, 1999, was considered by the trial court at the September 20, 1999 hearing, although the Carl case was referenced and the court also made reference to Ms. Sandell as an intervenor in his decision to consolidate the two separate lawsuits.
As is discussed more fully below, the existence of a surviving spouse precludes Ms. Sandell from pursuing a claim for damages and prevents her from recovering any proceeds that derive from the claim. It is possible, however, that the succession might be entitled to reimbursement for funds expended that are recoverable in association with this claim, for example, medical expenses paid by the succession incurred as a result of this accident and/or funeral expenses which may have been paid for by the succession and are recoverable.
As there was no hearing on this issue, we cannot determine whether there exists a right of action as an intervenor. We remand this matter, therefore, for a hear *578 ing on the limited issue as to whether the succession has any claim, as described, which might be legally recoverable.
In her second assignment of error, Ms. Sandell argues that the trial court erred in dismissing the Petition for Damages. We disagree.
According to La.Code Civ.P. art. 801, when a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party. As used in La.Code Civ.P. art. 801, “legal successor” means: “(1) [t]he survivors designated in La.Civ.Code art. 2315.1, if the action survives in their favor; and (2)[o]th-erwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is |Bunder administration therein, or the heirs and legatees of the deceased, if the deceased’s succession is not under administration therein.”
The survivors designated in La.Civ.Code art. 2315.1 as those qualified to recover damages for injury to a deceased person are: (1) the surviving spouse and/or children of the deceased; (2) the surviving father and/or mother of the deceased, if he left no surviving spouse or children; (3) the surviving brothers and sisters of the deceased, or any of them, if the deceased left no surviving spouse, child, or parent; (4) the surviving grandfathers or grandmothers of the deceased, or any of them, if the deceased left no surviving spouse, children, parent, or sibling; (5) the deceased’s succession representative, in the absence of any class of beneficiary set forth in the first four listed categories.
It is clear that Minerva Dale Taylor, as the surviving spouse of James Taylor, is the designated “legal successor” who has the sole right to bring an action to recover damages under the provisions of Civil Code Article 2315.1. Accordingly, we find no error in the trial court’s dismissal of the claim for damages brought by Magdalene Taylor Sandell.

DECREE

For the reasons assigned, the judgment of the trial court dismissing the plaintiffs action for damages is affirmed. The judgment dismissing plaintiffs petition for intervention is reversed and remanded to trial for the sole purpose of determining whether the succession has any legally recoverable claim. Costs of this appeal are assessed one-half against the plaintiffs, collectively, and one-half against the defendants.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.