# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-419

MICHAEL ABSHIRE, ET AL.

VERSUS

SHEREE LYNN FOURNET, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20074675
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Oswald A. Decuir, Judges.

**REVERSED AND REMANDED.**

**Allan Leland Durand**
**235 La Rue France**
**Lafayette, LA 70508**
**Telephone: (337) 237-8501**
**COUNSEL FOR:**
  **Intervenor Appellee - Gulf Coast Mobile Homes**

**Stan Gauthier, II**
**Jonathan D. Mayeux**
**Kristi Husher Oubre**
**1405 West Pinhook Road - Suite 105**
**Lafayette, LA 70503**
**Telephone: (337) 234-0099**
**COUNSEL FOR:**
  **Defendant/Appellant - Sheree Lynn Fournet**

**Robert L. Broussard**
**Durio, McGoffin, Stagg & Ackermann**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**Telephone: (337) 233-0300**
**COUNSEL FOR:**
   **Plaintiffs/Appellees - Donald Thornton, Jr., Courtney L. Shannahan, Emily K. Scott, William Says, Michael Abshire, Laura Albarado, Jonathan Harrouch, Rochelle Hirstius, Caroline Humphreys, David W. LeBlanc, Richard G. LeBlanc, Jared Mello, Jeremy Norwood, Angela Pellican, Christy Venable, and Cherie Viator**

**Charles William Ziegler, IV**
**P. O. Box 53513**
**Lafayette, LA 70505-3513**
**Telephone: (337) 234-1100**
**COUNSEL FOR:**
   **Defendants/Appellees - Jane Kidder Broussard and Joseph Junior Broussard**

**THIBODEAUX, Chief Judge.**

Defendant-appellant, Sherree Lynn Fournet, appeals the trial court's judgment, which sustained an Exception of No Right of Action and dismissed her petition for damages. She sought damages due to the wrongful issuance of a temporary restraining order (TRO) that had been obtained by property owners of the subdivision in which she was planning to purchase land and build a modular home. The TRO prevented her from completing construction of her intended new home and caused her to lose her initial financing for the purchase of the property and modular home at issue. We conclude that the trial court legally erred in sustaining the exception. Fournet possessed an actual and real interest in asserting a cause of action for damages due to the wrongful issuance of the TRO. Accordingly, we reverse and remand.

I.

## ISSUE

Although Fournet was not the actual property owner of Lot 105 at the time a TRO was issued to stop her construction of a modular home on the lot, does she have a personal right of action for damages due to the wrongful issuance of the TRO?

II.

## FACTUAL BACKGROUND

Fournet planned to buy Lot 105 of June Park Subdivision, located at 403 Deerfield Loop, in Duson, Lafayette Parish, Louisiana. Lot 105 was a vacant 70 feet x 90 feet lot, owned in the community of acquets and gains by Joseph Junior ("June") Broussard and his wife, Jane Kidder Broussard. On June 23, 2007, Joseph Broussard and Fournet executed a Purchase Agreement for the purchase of the land for $20,000.00. Although Jane Broussard had knowledge of the Purchase Agreement and

had no objections to the sale as set forth therein when it was executed, she did not sign the agreement for reasons which are not made clear in the record.

The Purchase Agreement contained a "Financing Contingency," which stated that Fournet was required to obtain financing for the purchase within ninety calendar days from the effective date of the agreement. That date, September 23, 2007, was also the designated date for the closing of the sale. If those terms were not met, the contract would terminate unless a written extension was signed by both parties.

Fournet was able to obtain financing in the amount of $90,000.00 to purchase the lot and a modular home that she intended to move to the site. She also obtained, through the Lafayette Public Trust Financing Authority (LPTFA), a bond grant in the amount of 4% of the loan amount. According to Fournet, in order to obtain the bond money, she had to adhere to the LPTFA's even earlier completion date and closing deadline of September 13, 2007. Without the bond money, Fournet stated that she would not have the funds to pay her closing costs.

On August 29, 2007, a few days after the modular home was transported to the subdivision where the lot was located, multiple homeowners in the subdivision jointly filed a Petition for Enforcement of Restrictive Covenants and Injunctive Relief. Fournet and the Broussards were named as defendants. It was alleged that the home being constructed on the lot was a house trailer or mobile home, prohibited by June Park's restrictive covenants.

The trial court granted the request and immediately issued the TRO. It expressly stated that "Sherree Lynn Fournet is temporarily restrained from taking any further action on or with regard to Lot 105 of June Park Subdivision, save and except for actions necessary to preserve the present condition of the house trailer situated

2

thereon, pending the hearing on plaintiffs' application for preliminary and permanent injunction." That hearing was set for September 10, 2007, three days in advance of her deadline to complete the onsite construction of the home in order to close on the LPTFA bond grant for which she had been approved.

Fournet moved to dissolve the TRO and requested damages, claiming that the home at issue was in fact a modular home and not a house trailer or mobile home as asserted by the plaintiffs. The trial court heard her motion during the September 10th hearing and found that the TRO had been wrongfully issued because the home at issue was a modular home, as argued by Fournet, and was not a house trailer or mobile home as alleged by the plaintiffs. The trial court also found that the plaintiffs had failed to post a bond in accordance with La.Code Civ.P. art. 3610, but the trial court found that issue to be moot in light of its ruling that the TRO had been wrongfully issued.

Fournet's claim for damages was heard at a later date, along with other claims asserted in multiple cross-pleadings by other parties, including an exception of no right of action directed to Fournet by the plaintiffs-homeowners. Fournet's remaining claim for damages specifically sought recompense for the loss of the LPTFA bond money; loss of a lower interest rate; monthly rental payments incurred for the home she was forced to rent and all other necessary associated expenses; mental anguish; attorney fees; costs; and, all other reasonable damages. The exception of no right of action challenged Fournet's standing to seek any of these damages due to the wrongful issuance of the TRO.

Fournet's damage claim was dismissed when the trial court sustained the plaintiffs-homeowners' exception of no right of action. The trial court accepted their arguments, stating that it based its decision on two essential findings: (1) Fournet

was not the owner of Lot 105 when the TRO was issued, and (2) the Purchase Agreement that contemplated the sale of Lot 105 to Fournet was relatively null and unenforceable because it did not contain the signature of the co-owner of the lot, Jane Broussard.

Fournet filed this appeal, alleging the trial court erred in failing to recognize that she possesses a personal right of action to seek damages from the plaintiffs-homeowners for the wrongful issuance of the TRO.

III.

## LAW AND DISCUSSION

The exception of no right of action raises a question of law subject to de novo review by the courts of appeal. *Gahagan v. Thornton*, 03-851 (La.App. 3 Cir. 12/10/03), 861 So.2d 813. The function of the exception is to act as a threshold device that serves to terminate those law suits filed by persons who have no legal interest in judicially enforcing the right they seek to assert. *Stevens v. Bd. of Trustees of police Pension Fund of City of Shreveport*, 309 So.2d 144 (La.1975). Stated differently, the exception serves to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *La. Paddlewheels v. La. Riverboat Gaming Comm'n*, 94-2015 (La. 11/30/94), 646 So.2d 885.

In response to Fournet's appeal, reiterating much of the argument it made to the trial court, the plaintiffs-homeowners argue the exception was properly sustained because Fournet did not possess any rights in, or to, Lot 105. The plaintiffs-homeowners argue Fournet did not own the lot and lacked any interest in it because the Purchase Agreement that contemplated the sale of the lot to her was relatively null and unenforceable as of the date the TRO issued. This, they contend,

4

was because Jane Broussard, the wife and co-owner of the lot, failed to sign the Purchase Agreement.

Relying on La.Civ.Code arts. 2623 and 2347(A)[1], the plaintiffs-homeowners' assert that the Purchase Agreement is a relative nullity because "[a] sale or promise of sale of an immovable must be made by authentic act or by act under private signature." Because Jane Broussard never signed the Purchase Agreement, they conclude that it could not confer any actual or real interest in the land to Fournet. Without any such interest, they contend that Fournet cannot claim that she was damaged by the issuance of the TRO because "the restraining order did not effectively restrain [her] from any activity that she had a preexisting right to undertake." Moreover, the plaintiffs-homeowners add that the TRO was not the cause of Fournet ceasing all activities related to the construction of the modular home on Lot 105. They assert that she had already ceased all activities on the lot as directed by the lot owner, Joseph Broussard, a few days before the TRO issued, and it is immaterial that she was named as a defendant in the action they instituted to enforce the subdivision's covenants.

---

[1]Article 2623, regarding a "[b]ilateral promise of sale; contract to sell" states:

An agreement whereby one party promises to sell and the other promises to buy a thing at a later time, or upon the happening of a condition, or upon performance of some obligation by either party, is a bilateral promise of sale or contract to sell. Such an agreement gives either party the right to demand specific performance.

*A contract to sell must set forth the thing and the price, and meet the formal requirements of the sale it contemplates.*

(Emphasis added).

Art. 2347. Alienation of community property; concurrence of other spouse

A. The concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables, standing, cut, or fallen timber, furniture or furnishings while located in the family home, all or substantially all of the assets of a community enterprise, and movables issued or registered as provided by law in the names of the spouses jointly.

5

Fournet's argument to this court is the trial court erred by failing to recognize she possesses a personal right of action for recovery of damages for the injuries she sustained as a result of the wrongful issuance of the TRO. She argues the trial court's ruling did not address the issue of whether she had a personal right of action but solely and erroneously focused only on whether she possessed a real right to the property, Lot 105.

Fournet asserts that the plaintiffs-homeowners' suit, naming her as a defendant, gave her a legal interest in seeking damages. She also adds the plaintiffs-homeowners were responsible for the cessation of all work on her modular home because of their threats to the Broussards that they would institute legal proceedings to stop the placement of the home on the lot, which they ultimately did. Prior to the plaintiffs-homeowners' complaints to the Broussards, she asserts that Joseph Broussard had been helping with the continuing construction of the home on the lot. She essentially argues absent the actions of the plaintiffs-homeowners to prevent the completion of her modular home in the subdivision, she would not have suffered the injurious "fall-out" that followed, which included the loss of her initial financing and the incurring of costs related to the delays caused by her inability to purchase and complete her home.

The Louisiana Code of Civil Procedure sets forth the rule for the discretionary granting of damages to an aggrieved party, caused by the wrongful issuance of a TRO:

> **Art. 3608.    Damages for wrongful issuance of temporary restraining order or preliminary injunction**
>
> The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or

> preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.

La.Code Civ.P. art. 3608. As the supreme court discussed in *ARCO Oil & Gas Co. v. DeShazer*, 98-1487 (La. 1/20/99), 728 So.2d 841, article 3608 damages are not based on fault. This procedural article intends to permit recovery in cases where injunctive relief was issued when it should not have been, because the person who sought the injunctive relief had no right to it. *Id.*

When discussing the "right" that is the core of the exception of no right of action, our supreme court stated, "Those who assert the 'right' must have both the capacity to assert it (must be among those who have an interest to assert the right) and a cause which they are able to assert (must have a remedy afforded by law)." *La. Hotel-Motel Ass'n, Inc. v. East Baton Rouge Parish*, 385 So.2d 1193,1196 (La.1980). This referenced "interest" is the actual or real interest discussed in La.Code Civ.P. art. 681, which states, "Except as otherwise provided by law, an action can be brought only by a person having a *real and actual interest* which he asserts." (Emphasis added).

As explained in *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S.Ct. 2434 (1977), a plaintiff possesses an interest in a suit because of some actually existing or probable future harm to itself. We find that although Fournet does not have an actual or real interest in Lot 105, she does possess an actual or real interest—a legal interest— in asserting a claim for damages for the injuries she allegedly suffered due to the wrongful issuance of the TRO. *See* La.Civ.Code art. 2315. The property is simply involved, but is not the basis for Fournet's claim for damages; she did not have to be the landowner or possess other legal interest in Lot

7

105 to have suffered injuries, or to be capable of seeking damages from the party who allegedly caused the harm.

Accordingly, we reverse the judgment of the trial court sustaining the exception of no right of action and remand this matter for completion of proceedings on Fournet's claim for damages.

IV.

**CONCLUSION**

The judgment of the trial court, sustaining the Exception of No Right of Action filed by the plaintiffs-appellees, Michael Abshire, Laura Albarado, Jonathan Harrouch, Rochelle Hirstius, Caroline Humphreys, David W. Leblanc, Richard G. Leblanc, Jared Mello, Jeremy Norwood, Angela Pellican, William Says, Emily K. Scott, Courtney L. Shannahan, and Cherie Viator, and dismissing defendant-appellant, Sheree Lynn Fournet's, claim for damages, is reversed. This case is remanded to the trial court for reinstitution of a hearing on Fournet's claim for damages. Costs of this appeal are assessed to plaintiffs-appellees.

**REVERSED AND REMANDED.**