# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-528

WILLIS JONES AND SHADONNE JONES

VERSUS

DYNAMIC INDUSTRIES, INC. AND BP AMERICA PRODUCTION CO.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 115531
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED AND REMANDED.**

**DaShawn P. Hayes**
**The Hayes Law Firm PLC**
**1100 Poydras Street, Ste. 1530**
**New Orleans, Louisiana 70163**
**(504) 799-0374**
**COUNSEL FOR APPELLANT:**
       **SHADONNE JONES, INDIVIDUALLY**
       **AND AS THE ADMINISTRATRIX OF**
       **THE SUCCESSION OF WILLIS JONES**

**Kelley Sevin**
**Elton F. Duncan, III**
**Duncan & Sevin LLC**
**400 Poydras Street, Ste. 1200**
**New Orleans, Louisiana 70130**
**(504) 524-5566**
**COUNSEL FOR APPELLEE:**
       **CHEVRON U.S.A., INC.**

**Kathleen P. Rice**
**Patrick J. McShane**
**Danica B. Denny**
**Frilot, LLC**
**3700 Energy Centre, Ste. 3700**
**1100 Poydras Street**
**New Orleans, Louisiana 70163**
**(504) 599-8000**
**COUNSEL FOR APPELLEE:**
       **DYNAMIC INDUSTRIES, INC.**

**PERRY, Judge.**

Shadonne Jones ("Mrs. Jones"), individually and as the administratrix of the Succession of Willis J. Jones, Jr. ("Mr. Jones"), appeals the trial court judgment which granted a peremptory exception of no right of action, dismissing her survival action brought as the administratrix of the succession of Mr. Jones. Additionally, Mrs. Jones, in both capacities, appeals the judgment of the trial court which granted a peremptory exception of prescription, dismissing her wrongful death claim, and further granted a peremptory exception of no cause of action, dismissing her claims for present and future damages as well as funeral expenses. We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

On November 17, 2008, Willis J. Jones, Jr. ("Mr. Jones") allegedly suffered a stroke and other medical ailments while working offshore as a rigger for Dynamic Industries, Inc. ("Dynamic Industries"). Thereafter, on November 16, 2009, Mr. Jones filed a petition for damages against Dynamic Industries and BP America Production Company ("BP") in Iberia Parish, contending that Dynamic Industries and BP failed to provide timely medical treatment to him. Mrs. Jones joined in the lawsuit as a party plaintiff, asserting a claim for loss of consortium.

Subsequently, on November 27, 2012, Mr. Jones and Mrs. Jones filed an amending petition for damages. At that time, they substituted Chevron U.S.A., Inc. ("Chevron") as a defendant in place of BP. On July 14, 2017, Mr. Jones died allegedly from complications from the stroke he suffered in 2008, and on December 17, 2018, Mrs. Jones was appointed administratrix of his succession.

On April 12, 2019, Mrs. Jones[1] supplemented the original petition of 2009. In that pleading, Mrs. Jones: (1) alleged that Mr. Jones died on July 14, 2017, from

---

[1] It is clear in the second supplemental and amended petition that Mrs. Jones urges a claim for the wrongful death of Mr. Jones and further asserts a survival action as Mrs. Jones "individually and as representative of the Estate of Willis Jones." Nonetheless, in paragraph 11 and the prayer

complications of the stroke he purportedly suffered while working for Dynamic Industries and Chevron ("the Defendants"); (2) alleged that on December 17, 2018, she was appointed administratrix of Mr. Jones's succession; (3) individually brought a wrongful death claim against the Defendants; and (4) individually and as administratrix of Mr. Jones's succession brought a survival action against the Defendants.

On June 3, 2019, the Defendants filed peremptory exceptions of prescription, no right of action, and no cause of action. Through those peremptory exceptions, the Defendants asserted that: (a) the wrongful death claim brought by Mrs. Jones, individually, had prescribed; (b) Mrs. Jones, in her capacity as representative of Mr. Jones's succession, had no right of action to seek survival benefits; (c) Mrs. Jones failed to state a cause of action for the damages of present and future pain and suffering, mental anguish, medical expenses, and loss of wages, as these are not recoverable in a survival action; and (d) the claim for funeral expenses, an element of wrongful death damages, fails to state a cause of action because Mrs. Jones's wrongful death claim is prescribed.

After taking the matter under advisement, the trial court granted each of the Defendants' peremptory exceptions. In its judgment, the trial court found Mrs. Jones, acting as administratrix of Mr. Jones's succession, did not have a right of action to pursue the survival claim. It then determined that Mrs. Jones's wrongful death claim was prescribed. And, finally, the trial court concluded that Mrs. Jones had no cause

___

for relief, the petitioners are identified as "Willis Jones and Shadonne Jones" and "Willis J. Jones and Shadonne Jones," respectively. Equally confusing is the trial court judgment which references "Plaintiffs' claims." In that regard, we note that a judgment rendered for or against a deceased person is a nullity. *Cortes v. Fleming*, 307 So.2d 611 (La.1974)(on rehearing). However, other language in the judgment adds sufficient clarity that those referenced claims are either those of "Shadonne Jones" or "Shadonne Jones acting as Administratrix of the Succession of Willis Jones." Thus, we find the judgment contains sufficient decretal language to provide this court with jurisdiction to review the judgment.

2

of action for present and future damages,[2] and she had no cause of action for funeral expenses.[3]

This appeal followed. In her one assignment of error, Mrs. Jones states:

> The [trial court] erroneously sustained the Defendants' Peremptory Exception of Prescription, No Cause of Action, and No Right of Action when the amended petition included a claim of wrongful death and survival action that related back to the original petition for damages, the death of [Mr. Jones] arose from the same conduct and occurrence as set forth in the original and first amended petition for damages, Ms. Jones is the administrator of the estate of Willis Jones and funeral expenses are an element of damages for wrongful death claims.

## STANDARD OF REVIEW

Appellate courts review the peremptory exception of prescription pursuant to the manifest error standard of review if evidence, either supporting or contradicting, is presented at the hearing on the exception. *In re Succ. of Cole*, 12-802 (La.App. 3 Cir. 12/26/12), 108 So.3d 240, *writ denied*, 13-257 (La. 3/15/13), 109 So.3d 384. If no evidence is presented, as is the case now before us, appellate courts decide whether the finding of the trial court is legally correct or incorrect. *Id.* The peremptory exceptions of no cause of action and no right of action raise a question of law; thus, a trial court's judgment relating thereto is reviewed de novo by the appellate court. *Castille v. La. Med. Mut. Ins. Co.*, 14-519 (La.App. 3 Cir. 11/5/14), 150 So.3d 614; *Bennett v. Porter,* 10-1088 (La.App. 3 Cir. 3/9/11), 58 So.3d 663.

## DISCUSSION

Mrs. Jones argues each of the trial court's peremptory exception rulings individually. Accordingly, we will discuss them in the same manner.

---

[2] In its written reasons for judgment, the trial court wrote that present and future damages are not recoverable in a survival action.

[3] In its written reasons for judgment, the trial court wrote that funeral expenses, an element of wrongful death claims, were not recoverable because Mrs. Jones's wrongful death claim had prescribed.

*Wrongful Death and Survival Damages—An Overview*

At the heart of the questions before us are La.Civ.Code arts. 2315.1 (survival action) and 2315.2 (wrongful death action). Originally, La.Civ.Code art. 2315 was the source provision for a general damage claim brought before the death of the direct victim, the survival action, and wrongful death action, and it contained a single one-year prescriptive period. In *Watkins v. Exxon Mobil Corp.*, 13-1545 (La. 5/7/14), 145 So.3d 237, the court provides a chronological history of La.Civ.Code art. 2315, continuing through 1986 La. Acts No. 211 which separated the survival action and the wrongful death action from the pre-death damages articulated in Article 2315. At that time, 1986 La. Acts No. 211 "severed the provisions dealing with the survival action and the wrongful death action from Article 2315 and transferred the language into new articles: La. Civ.Code arts. 2315.3 (the survival action) and 2315.4 (the wrongful death action)." *Watkins*, 145 So.3d at 242. Under the statutory revision authority of the Louisiana State Law Institute, Article 2315.3 was redesignated as Article 2315.1 and, at that same time, 2315.4 was redesignated as Article 2315.2. *Id.*

Louisiana Civil Code Article 2315.1, the survival action, states, in pertinent part:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

4

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

Louisiana Civil Code Article 2315.2, the wrongful death action, provides, in pertinent part:

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. The right of action granted by this Article prescribes one year from the death of the deceased.

C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

"To recover under a claim for wrongful death and survival damages, a plaintiff must fall within the class of persons designated as a beneficiary under La.C.C. arts. 2315.1 and 2315.2." *Washington v. Magnolia Manor Nursing Home & Rehab., L.L.C.,*

5

51,899, p. 4 (La.App. 2 Cir. 3/28/18), 247 So.3d 156, 159, *writs denied*, 18-682, 18-666, 18-685 (La. 8/31/18), 251 So.3d 413, 414.

"When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality." La.Code Civ.P. art. 801. "Legal successor," as used in Articles 801 through 804, means:

> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and

> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

Louisiana Civil Code Article 2315.1, the survival action, is a specific statute with the purpose of providing for the transfer of the ownership of a tort cause of action when the tort victim-obligee dies prior to, or during the pendency of, litigation. Article 2315.1 clearly and unambiguously transmits the particular tort cause and right of action to designated classes of beneficiaries after the death of the tort victim without the necessity of a succession proceeding. The successors (beneficiaries) of the obligee who have the right of action to enforce the cause of action are specifically listed in Article 2315.1 A(1) through (4). *Rainey v. Entergy Gulf States, Inc.*, 01-2414 (La.App. 1 Cir. 6/25/04), 885 So.2d 1193, *writs denied*, 04-1878, 04-1883, 04-1884, (La. 11/15/04), 887 So.2d 478, 479.

In the wrongful death action, although the right of action vests at the time of the tort, the cause of action for wrongful death does not mature until the death of the victim in the case. *Walls v. Am. Optical Corp.,* 98-0455 (La. 9/8/99), 740 So.2d 1262 (citing *Coates v. A.C. & S., Inc.,* 844 F.Supp. 1126 (E.D. La. 1994)). It is not a derivative cause of action. "Rather, the wrongful death action is an independent and distinct action that arises even in the absence of a viable personal injury action

6

by the direct tort victim and compensates the beneficiaries for their own individual injury arising out of the victim's death." *Walls*, 740 So.2d at 1274. Louisiana's wrongful death statute is clear: the relevant injuries do not occur until death, and they are not the primary victim's injuries. Hans J. Germann, *Walls v. American Optical Corp.: Wrongful Death Actions and Long-Latency Occupational Disease*, 74 Tul. L. Rev. 2227 (2000).

Likewise, it is well-accepted that the survival and wrongful death actions are wholly creatures of the Legislature that have been recognized historically and jurisprudentially. *Levy v. State Through Charity Hosp. of La. at New Orleans Bd. of Adm'rs.*, 253 La. 73, 216 So.2d 818 (1968); *Estate of Burch v. Hancock Holding Co.*, 09-1839 (La.App. 1 Cir. 5/7/10), 39 So.3d 742. The wrongful death and survival actions are considered *sui generis* and, thus, are not subject to the law of marriage, of parent and child, of inheritance, nor required to conform to civil law concepts. *Levy*, 216 So.2d 818*; Estate of Burch*, 39 So.3d 742. Neither the survival action nor the wrongful death action provides rights that are transmitted from the tort victim to the victim's heirs in an inheritance sense. *Id*. These rights do not pass through the victim's succession. Rather, these rights are granted by special statute to specified survivors in order of exclusionary preference, and in the absence of any of the specified survivors, the rights are not transmitted to any other persons. *Id.*

### Survival Damages: The Peremptory Exception of No Right of Action

In its judgment, the trial court granted the Defendants' peremptory exception of no right of action as it related to Mrs. Jones's attempt to seek survival damages as the administratrix of Mr. Jones's succession. Mrs. Jones argues there is no jurisprudence from this appellate court that suggests a succession representative cannot bring a survival action. We find no merit to her argument.

7

In *Abshire v. Fournet*, 08-419, p. 4 (La.App. 3 Cir. 12/10/08), 998 So.2d 374, 377, this court, addressing the peremptory exception of no right of action, stated:

> The function of the exception is to act as a threshold device that serves to terminate those law suits filed by persons who have no legal interest in judicially enforcing the right they seek to assert. *Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport,* 309 So.2d 144 (La.1975). Stated differently, the exception serves to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *La. Paddlewheels v. La. Riverboat Gaming Comm'n,* 94–2015 (La. 11/30/94), 646 So.2d 885.

When addressing the "right" that is the core of the peremptory exception of no right of action, our supreme court stated in *Louisiana. Hotel-Motel Ass'n, Inc. v. East Baton Rouge Parish*, 385 So.2d 1193, 1196 (La.1980), "Those who assert the 'right' must have both the capacity to assert it (must be among those who have an interest to assert the right) and a cause which they are able to assert (must have a remedy afforded by law)." The interest that is referenced is the real or actual interest explained in La.Code Civ.P. art. 681 (emphasis added), which states, "Except as otherwise provided by law, an action can be brought only by a person having a *real and actual interest* which he asserts."

In *Sandell v. Sontag*, 02-157, 02-158 (La.App. 3 Cir. 10/2/02), 827 So.2d 575, this court was presented with the specific argument Mrs. Jones now raises. In that case, the decedent's sister, in her capacity as the succession representative, filed a petition for damages, seeking to recover the damages the decedent suffered in an automobile accident. Shortly thereafter, the decedent's surviving spouse filed a survival action for her decedent-husband's damages. After the two lawsuits were consolidated, the trial court ruled that the presence of the surviving spouse established a member of a class pursuant to La.Civ.Code art. 2315.1(A)(1), therefore rendering the sister's claims, in her capacity as succession representative, improper. Affirming the trial court, we stated in *Sandell*, 827 So.2d at 578:

According to La.Code Civ.P. art. 801, when a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party. As used in La.Code Civ.P. art. 801, "legal successor" means: "(1) [t]he survivors designated in La.Civ.Code art. 2315.1, if the action survives in their favor; and (2) [o]therwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein, or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein."

The survivors designated in La.Civ.Code art. 2315.1 as those qualified to recover damages for injury to a deceased person are: (1) the surviving spouse and/or children of the deceased; . . . [or] (5) the deceased's succession representative, in the absence of any class of beneficiary set forth in the first four listed categories.

It is clear that . . . the surviving spouse of [the decedent] is the designated "legal successor" who has the sole right to bring an action to recover damages under the provisions of Civil Code Article 2315.1. Accordingly, we find no error in the trial court's dismissal of the claim for damages brought by [the sister].

See also *Rismiller v. Gemini Ins. Co.*, 20-313, pp. 7-8 (La. 12/11/20), --- So.3d --- (recognizing that for purposes of La.Civ.Code art. 2315.1, "[t]he existence of a member of the first class of beneficiaries exclude[s] all members of lesser classes. Thus, any member of a higher class preempts the claims of other classes of beneficiaries.") The same is true in the present case. Mrs. Jones, the surviving spouse of Mr. Jones, is the designated "legal successor" who has the right, along with the deceased's child or children,[4] to bring a survival action under the provisions of La.Civ.Code art. 2315.1 to the exclusion of the succession representative. Therefore, we find the trial court properly granted the peremptory exception finding Mrs. Jones, in her capacity as the administratrix of Mr. Jones's succession,[5] had no right of action to bring a survival action.

---

[4] Although the Defendants make a passing reference in their briefs to Mr. Jones's children, the record is void of any information regarding the existence of any child or children.

[5] We observe that the trial court recognized during the hearing that Mrs. Jones, individually, had a right under La.Civ.Code art. 2315.1 to bring this survival action and that she was properly before the court in that capacity. "No technical forms of pleading are required." La.Code Civ.P.

### The Peremptory Exception of Prescription

"Liberative prescription is a mode of barring of actions as a result of inaction for a period of time." La.Civ.Code art. 3447. Louisiana law provides that an obligee's right to assert a cause of action may be lost with the passage of time by the operation of prescription. *See Taranto v. La. Citizens Prop. Ins. Corp.,* 10-0105 (La. 3/15/11), 62 So.3d 721. The jurisprudence explains that "[t]he fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof." *Giroir v. S. La. Med. Ctr., Div. of Hosp.,* 475 So.2d 1040, 1045 (La.1985). Prescriptive statutes "are designed to protect him against lack of notification of a formal claim within the prescriptive period[.]" *Id.*

Relying on *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983) and La.Code Civ.P. art. 1153,[6] Mrs. Jones argues that her second supplemental and amending petition, filed later than one year after Mr. Jones's death, which urged a claim for wrongful death damages, relates back to the filing date of the original 2009 pleading. She contends that the death of Mr. Jones, some ten years after the initial injury, was

---

art. 854. "Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice." *Sevarg Co. Inc. v. Energy Drilling Co.*, 591 So.2d 1278, 1280 (La.App. 3 Cir. 1991), *writ denied*, 595 So.2d 662 (La.1992). " '[O]n consideration of an exception of no right of action the averments of fact in the pleading must be taken as true in the absence of evidence to the contrary.' " *Huntsman Int'l LLC v. Praxair, Inc.*, 15-0975, p. 4 (La.App. 4 Cir. 9/14/16), 201 So.3d 899, 904 (quoting *Bd. of Dirs. of Louisiana Recovery Dist. v. All Taxpayers, Property Owners, and Citizens of State of Louisiana.* 529 So.2d 384, 386 (La.1988)). In the present case, Mrs. Jones alleged in her petition that she was the wife of Mr. Jones, that she petitioned the court to be appointed administratrix of his succession, and that letters of administration were issued to her accordingly. At no time did the Defendants contravene Mrs. Jones's assertion that she was the wife of the decedent. Accordingly, we will construe her allegations in her second supplemental and amending petition as a request for voluntary substitution to assert her individual claim as a class-1 party-plaintiff in the survival action.

[6] Louisiana Code of Civil Procedure Article 1153 states that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition."

caused by the medical episode that formed the basis of the original litigation. She argues that the parties in the original as well as the supplemental and amending petitions are the same and the initial occurrence, as outlined in the original petition, was directly related to the basis on which the wrongful death claim was based. Thus, Mrs. Jones contends her second supplemental and amending petition, which included a claim for wrongful death damages, had not prescribed because prescription had been interrupted from the filing of the original petition for damages.

In rejecting Mrs. Jones's argument and granting the Defendants' peremptory exception of prescription, the trial court stated:

> Louisiana Civil Code Article 2315.2 provides that the right of action to bring a wrongful death claim prescribes one (1) year from the death of the deceased. PETITIONERS admitted in Paragraph 1 of their Second Supplemental and Amending Petition, PETITIONER, WILLIS J. JONES died on July 14, 2017. It is immaterial as to a wrongful death right of action that our decedent had an ongoing lawsuit at the time of his death. . . . The petition was not amended to include a [a wrongful death action] until April 12, 2019[,] more than one (1) year from the date of his death.

Addressing Mrs. Jones's relation-back argument, we first find it necessary to review the distinction between amending and supplemental pleadings. A supplemental pleading differs from an amended pleading in that an amended pleading involves matters that occurred before the original complaint was filed, which were either overlooked by the pleader or were unknown to him at the time, while a supplemental pleading covers issues or causes of action that have arisen since the filing of the original petition, which relate to the issues or actions contained in the original petition. *Gilchrist Const. Co., LLC v. State, Dep't of Transp. & Dev.* 13-2101 (La.App. 1 Cir. 3/9/15), 166 So.3d 1045, *writ denied*, 15-877 (La. 6/30/15), 172 So.3d 1097; *Gaines v. Bruscato,* 30,340 (La.App. 2 Cir. 4/8/98), 712 So.2d 552, *writ denied,* 98-1272 (La. 6/26/98), 719 So.2d 1059; *Adema v. Elliott,* 223 So.2d 464 (La.App. 4 Cir. 1969).

11

This court has addressed this relation-back argument in the context of amended pleadings, La.Code Civ.P. art. 1151, and supplemental pleadings, La.Code Civ.P. art. 1155. In *Porche v. Sutherlands Lumber & Home Center., Inc.*, 18-551, pp. 5-6 (La.App. 3 Cir. 2/13/19), 265 So.3d 56, 60 (first and third alteration ours), we reviewed *Smith v. Cutter Biological*, 99-2068 (La.App. 4 Cir. 9/6/00), 770 So.2d 392, stating:

> [T]he *Smith* court "observe[d] that it seems strange to contemplate the relation back of a claim or cause of action to a time prior to the time at which the claim or cause of action came into existence." *Id.* at 410. Ultimately, the fourth circuit held that the son's "untimely filed original petition does not support the relation-back of a new cause of action asserted by new parties." *Id.* at 413. In so holding, the *Smith* court [paid] special attention to La.Code Civ.P. art. 1153's positioning in the Louisiana Code of Civil Procedure. Article 1153 is found between Article 1151, which provides for amended petitions and answers, and Article 1155, which provides for supplemental petitions and answers "setting forth items of damage, causes of action or defenses **which have become exigible since the date of filing the original petition or answer**." La.Code Civ.P. art. 1155. Based on their analysis, the fourth circuit "reach[ed] the inescapable conclusion that when the legislature failed to provide for the relation-back of supplemental petitions it was not through oversight, but through reason." *Smith*, 770 So.2d at 412. The *Smith* court later reiterated that the "touchstone element giving rise to a claim of wrongful death is the death of the decedent[, a]nd La.C.C.P. art. 1153 permits post-prescription amendment only if the original pleading gives fair notice of the general factual situation from which the amended demand arises." *Brown* [*v. Our Lady of The Lake Reg'l Med. Ctr.*, 00-2548 (La.App. 1 Cir. 12/28/01)], 803 So.2d [1135,] 1139.

Applying that reasoning, this court in *Porche*, 265 So.3d at 61, concluded:

> As previously noted, the right to bring a wrongful death action "prescribes one year from the death of the deceased." La.Civ.Code art. 2315.2(B). Porche, the original plaintiff herein, died on May 23, 2012. Thus, any right of action pertaining to his wrongful death prescribed on May 23, 2013. When Porche's mother, Smith, died in 2014, she had not asserted a wrongful death claim in regard to her son. Accordingly, she possessed no wrongful death claim to assign to the remaining Plaintiffs while she was alive or to transmit to the remaining Plaintiffs by testament upon her death. In addition, Plaintiffs herein admittedly did not file a Third Amending and Supplemental Petition in which they attempted to set forth any wrongful death claims until December 27, 2017, long after any such claims had already prescribed. Accordingly, the trial court did not err in determining that Plaintiffs' wrongful death claims were prescribed.

12

In Paragraph 1 of the Second Supplemental and Amending Petition, Mrs. Jones stated that Mr. Jones died on July 14, 2017. This Second Supplemental and Amending Petition, alleging a wrongful death claim, was not filed until April 12, 2019, well over one year after Mr. Jones's death. Under well-established jurisprudence, it is clear no wrongful death claim existed when either the original or first amended petition was filed. Rather, as observed in *Walls,* 740 So.2d 1262, the cause of action for wrongful death does not mature until the death of the victim in the case. Thus, Mrs. Jones's claims in this new petition were supplemental, not amending, despite the caption utilized in her pleadings; as such, her untimely, newly stated wrongful death claim did not relate back, as La.Code Civ.P. art. 1153 is applicable only to amending petitions.

As a matter of the law, the trial court was eminently correct in finding that the second supplemental and amending petition which added Mrs. Jones as a party-claimant in the wrongful death claim was prescribed because it was filed more than a year after Mr. Jones's death. As further explanation, *Guidry v. Theriot,* 377 So.2d 319, 328 (La.1979), repudiated on different grounds in *Louviere v. Shell Oil Co.,* 440 So.2d 93 (La.1983), poignantly observed:

> This is so because they do not bring the wrongful death action as substituted parties, in which capacity they may bring the survival action to recover the victim's damages. They must bring their wrongful death action as original plaintiffs suing on a different cause of action which arose upon the victim's death.

We find no merit to Mrs. Jones's contention that her supplemental petition which raised a wrongful death claim, filed more than a year after Mr. Jones's death, should have been considered timely by virtue of La.Code Civ.P. art. 1153. Accordingly, we find the trial court did not err in determining that Mrs. Jones's wrongful death claims were prescribed. Nevertheless, we will remand this matter to the trial court

13

for the adjudication of the survivor claims Mrs. Jones urged in her individual capacity as a properly substituted plaintiff.

*Peremptory Exception of No Cause of Action*

Mrs. Jones next contends the trial court erred when it granted the Defendants' peremptory exception of no cause of action as to certain elements of damages. In particular, the trial court judgment granted the peremptory exception of no cause of action as to Mrs. Jones's claims for present and future damages, as well as for funeral expenses.

Liberative prescription is a mode of extinguishing a legal claim that has not been filed by a creditor during a period stipulated by law. La.Civ.Code art. 3447; *LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226. In other words, prescription sets a time limit within which to seek enforcement of a right. *Yen v. Avoyelles Par. Police Jury*, 07-0225 (La.App. 3 Cir. 3/4/09), 5 So.3d 1002, *writ denied*, 09-1098 (La. 9/4/09), 17 So.3d 964.

In the present case, we have affirmed the trial court's legal determination that Mrs. Jones's wrongful death claim has prescribed. Funeral expenses are an element of damages in a wrongful death action. *Broussard v. Med. Protective Co.*, 06-331 (La.App. 3 Cir. 2/21/07), 952 So.2d 813. Because Mrs. Jones failed to timely urge her claim, she has no cause of action against the Defendants to assert her claim for funeral expenses, one of the elements of damage available in a wrongful death action. To the extent that Mrs. Jones attempted to urge claims for present and future damages sustained as a result of Mr. Jones's alleged wrongful death—elements of damages that are not recoverable in such an action—liberative prescription would likewise bar such claims. Thus, the trial court properly granted the Defendants' peremptory exception of no cause of action as regards these alleged damages.

14

Additionally, the elements of damages for a survival action are the deceased's pain and suffering, loss of earnings, fright, fear or mental anguish while the ordeal is in progress. *Dawson v. James H. Stuart & Deaton, Inc.*, 437 So.2d 974 (La.App. 4 Cir. 1983). Clearly, the survival action does not permit the recovery for damages suffered after the decedent's death. *Taylor v. Giddens*, 618 So.2d 834 (La.1993). Any assertion of present and future damages by Mrs. Jones, in her individual capacity, likewise fails to state a cause of action. Thus, here, too, we find the trial court properly granted the Defendants' peremptory exception of no cause of action as to these alleged damages.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. This matter is remanded to the trial court for the adjudication of the survivor claims Mrs. Jones urged in her individual capacity as a properly substituted plaintiff. Costs of this appeal are assessed to the appellant, Shadonne Jones.

**AFFIRMED AND REMANDED.**